ALBANY,
Feb. 1808.

Powell
v.
Brown.

In an action of *assumpsit*, the declaration stated, that the plaintiff and U. and W. were joint owners of a certain vessel and the cargo, then on a distant voyage, and were jointly interested in her earnings and the profits of the voyage, of which vessel W. was also master, and died during the voyage, and that after the death of W. the defendant, B. in consideration, that the plaintiff had undertaken and promised to the defendant, that he, the defendant, should receive from the plaintiff, the effects of W. in the vessel, and her earnings, in like manner as W. was entitled to receive them, according to the agreement a-

## Powell *against* J. Brown.

THIS was an action of *assumpsit.* The declaration contained three counts. The first count stated that, on the 28th *June*, 1804, and before that time, and until the death of one *Watson Brown*, the plaintiff, one *Israel Underhill*, and the said *Watson Brown*, were joint owners of a certain sloop, or vessel, called the *Rising Sun;* that the plaintiff, the said *Underhill* and *W. Brown*, agreed together that they should be sharers in the earnings and profits, losses and expenses of the said vessel, in a voyage about to be prosecuted, in proportion to their respective interests in the said vessel, her outfits and cargo; which agreement continued in force, until the death of the said *W. Brown.* That the said vessel, in pursuance of the said agreement, sailed on the proposed voyage to parts beyond the seas, the said *W. Brown* being master; and while prosecuting the voyage, the said *W. Brown*, the master, died on the 10th *November*, 1804, at *Matanzies.* That after the death of *W. Brown*, on the 2d *January*, 1805, in consideration, that the plaintiff had undertaken, promised, and agreed to and with the defendant, that the defendant should receive from him, the plaintiff, the effects of the said *W. Brown*, in the said sloop, and her earnings, in like manner as the said *W. Brown* would have been entitled to receive them, pursuant to the said agreement, between the owners, and in consideration that the plaintiff had agreed with, and promised the defendant, to account to the defendant, respecting the said vessel, her profits and earnings, loss and expenses, in the

mong the owners, and in consideration, that the plaintiff had agreed with the defendant to account with the defendant, for the said vessel, her earnings, profits, and losses in like manner as he was bound to do to W. the defendant undertook and promised to pay to the plaintiff, any demands or sums of money due and owing from W. to the plaintiff, at the time of W's death, and also any demands which the plaintiff had against the share of W. in the vessel; and the declaration set forth a certain debt due from W. to the plaintiff, &c. and averred, that the plaintiff was always ready to perform his part of the agreement. On a *demurrer* to the declaration, it was held to be bad, as it did not set forth a sufficient consideration for the promise of the defendant.

same manner, as he was bound by the said agreement between the owners of the said vessel, to account to the said W. Brown, the defendant undertook, promised and agreed to and with the plaintiff, to pay him any demands, or sums of money that were due and owing from the said W. Brown, at the time of his death, to the plaintiff, and which are yet due and unpaid, and also any demands which the plaintiff had against the share or part of the said W. Brown, in the said vessel. It was then stated, that W. Brown, in his life-time, to wit, on the 28th June, 1804, made and delivered to the plaintiff, a promissory note, for 700 dollars, payable four months after date, which was due and unpaid, at the time of his death, and still remained unpaid, of which the defendant, after the death of W. Brown, had notice, and by reason of the premises, the defendant became liable : in consideration whereof, he undertook and promised to the plaintiff to pay to him the said 700 dollars, &c. and the plaintiff avers " that he hath, at all times, been ready and willing, well and faithfully, to perform all things on his part by the said agreement, so made as aforesaid, between him and the defendant, to be done and performed."

The second and third counts were like the first, varying only in the description of the sums due from W. Brown, to the plaintiff, with a common conclusion. To this declaration the defendant demurred, and the plaintiff joined in demurrer.

P. W. Radcliff, in support of the demurrer. 1. No sufficient consideration is set forth in the declaration, to support the assumpsit of the defendant. The agreement is not stated to be in writing, nor was it necessary to aver it to be so; and though presumed to be in writing, yet the plaintiff is bound to set forth a sufficient consideration also in writing.* To make a good consideration for the promise, there must be some benefit to the defendant, or some detriment to the plaintiff. It does not appear in what manner the plaintiff was to account to Watson Brown, nor, consequently, to the defendant, nor that he ever did account ;

* Lansing v. M'Killip, 3 Caines, 286. & Term, 582. 5 East, 10. 22.

ALBANY,
Feb. 1808.

Powell
v.
Brown.

\* 1 *Lev.* 262.

† *Comyns' Dig.*
*Action on the*
*case,* (B.  1.)
*Plead.* (C. 62.)
‡ 2 *Lev.* 152.

§ 2 *Ventris,*
223.  7 *Term,*
203.

¶ 1 *Salk.* 112.
*Doug.* 684.  4
*Term,* 761.  7
*Term,* 123.  1
*Saund.* 320.  1
*Johnson,* 148.
2 *Johnson,* 207.
\*\* 1 *H. Black.*
123.1 *Johnson,*
207.

†† *Comyns' Dig.*
*Pleader,* (c. 44.
47, 48.)  (2 *V.*
2, 3.)

and *non constat,* that *Watson Brown* had any effects in the vessel, or that there were any earnings, or that the defendant would be, in any way, benefited.   Besides, the plaintiff promised what he had no legal power to perform, for the personal effects of *Watson Brown,* at his death, belonged to his personal representatives, so that the plaintiff could have no controul over them.\*   Again, it does not appear that any detriment has resulted, or could result, to the plaintiff, or that he has foreborne against *Watson Brown,* or his representatives, or that he has relinquished any right.†

2. The promise of the defendant is void for uncertainty.   It is too general and indefinite.‡   It does not appear in what proportion, *Watson Brown* was entitled to receive the earnings and profits.   Again, the promise is void, for want of mutuality.   The promise of the defendant is not to pay a certain and specific debt of another, but to substitute himself in the place of the other, so as to be liable for all his debts, without knowing, or having the means to know, the amount of them.

3. If the promises are valid and binding, still they can be enforced only in a court of equity.   It is sufficient, if a part only of the agreement is cognizable in that court, for the whole must be taken together.§

4. If the promises were valid at law, still the promise of the plaintiff was precedent ; and it was necessary for him to aver and prove a performance on his part.¶   The promises were, at least, mutual and concurrent.   The plaintiff must aver every thing necessary to maintain his action; and if he does not, it may be taken advantage of, on a general demurrer.\*\*

5. The breach in the declaration is not well assigned. The breach must correspond with the assumption.   All the facts stated in the declaration must be disposed of in the breach.   A non-performance of the whole must be alleged, or a performance in part admitted, and a want of a performance of the residue alleged.††   In the breach no notice is taken of the defendant's promise to pay the charges against *Watson Brown's* share of the vessel.

*Hawes* and *Colden*, contra. The authorities which have been cited, are not disputed ; the only question is as to their application. 1. The principal point is, whether there was sufficient consideration for the defendant's promise. In consideration of the money agreed to be paid by the plaintiff, the defendant agreed to pay the debts of *Watson Brown.* This might be beneficial to the defendant. It is enough if it might be so ; for the defendant made his calculation on the ground of a probable, or supposed benefit. Again, it would be detrimental to the plaintiff ; for he would be liable to the representatives of *Watson Brown,* for his share, or to his partner. No matter whether the plaintiff can legally perform his promise, or not, for the defendant can compel a performance.

2. A promise to account for the debt of another, is not void, for uncertainty. It is enough, that the amount may be made certain.

3. It is no objection to the consideration of a promise, nor does it destroy the effect of such consideration, that it must be enforced in equity. A liability to pay, or to account, in a court of equity, is a sufficient consideration.

4. The promises were entirely independent. The promise of the defendant did not depend on any act to be performed by the plaintiff. No averment of performance was necessary on the part of the plaintiff. In consideration of the plaintiff's promise to account, the defendant promised to pay. It was a promise in consideration of a promise.

5. It is sufficient, that the plaintiff, in the breach, alleges the non-performance of certain things, without saying that the others have been performed.

*P. W. Radcliff,* in reply, observed, that there could be no survivorship in the vessel ; nor could the plaintiff dispose of the share of *Watson Brown ;* that the possibility of a benefit to one party, or of detriment to the other, was not a sufficient consideration, but that such benefit, or detriment, must be certain and inevitable ; that if the plaintiff had paid the money, or accounted to the defend-

ant, he would receive it to the use of the legal represent‑ atives of *Watson Brown;* and that the doctrine of a promise in consideration of a promise, had long since been ex‑ ploded.

VAN NESS, J. delivered the opinion of the court. Se‑ veral exceptions on the argument were taken to the sub‑ stance of this declaration. But, for the purpose of ex‑ pressing the opinion of the court, it is unnecessary to state any other than the first, viz. That the plaintiff has not set forth a sufficient consideration to support the defendant's promise. The only consideration upon which the de‑ fendant's engagement can be supported, if at all, is, that the plaintiff was to account to him for such share of the vessel, cargo and profits, as, upon a final settlement of all the accounts in relation to them, *Watson Brown* would have been entitled to receive, in case he had survived the completion of the voyage. For aught that appears, no liquidation of these accounts has ever been made ; and if made, it does not appear that *Watson Brown* was entitled to receive a cent. The vessel may have perished at sea, or the cargo may have been lost, or some other disaster may have occurred, whereby this adventure has been ren‑ dered a losing one. The consideration upon which an *assumpsit* is founded, must be either for the benefit of the defendant, or to the trouble or prejudice of the plaintiff. As it is not averred, that there was a balance due to *Watson Brown*, it is to be taken for granted, that none was due ; it is, therefore, impossible that the plain‑ tiff's promise could produce any benefit to the defendant. There is nothing to show that it actually did, or in any way could, occasion any loss or trouble to the plaintiff. We are of opinion, therefore, that there is no consideration in this case for the defendant's promise; and as this exception goes to the whole ground of the plaintiff's right of action, there must be judgment for the defendant.

> Judgment for the defendant.