Doyle *et al. v.* Knapp.

---

EDWARD DOYLE *et al.*, appellants, *v.* WILLIAM D. KNAPP, administrator of John H. Knapp, deceased, appellee.

*Appeal from Schuyler.*

An act lawful in itself, which is for the benefit of one party, or to the prejudice of another, constitutes a sufficient consideration to support a promise.

The possession of land, or a claim of title to real estate, may be the subject of sale and transfer, and a good consideration to support a promise for the price. The transfer of the possession, or of the claim of title, is to the prejudice of the seller, and a benefit to the purchaser, and therefore a good consideration.

A sale and transfer, by one in possession of land belonging to the Government, of his claim or interest in the same, is a good consideration for a promissory note, executed for the price thereof.

The doctrine is well established, both at law and in equity, that on a sale of land, where there is neither fraud nor warranty, on the part of the vendor, the vendee cannot recover back the purchase money, although there may be a total failure of title.

A party who takes a quit claim deed, on the sale of land, or a claim thereto, runs the risk of the goodness of the title, unless fraud has been practised upon him ; and to constitute fraud, the vendor must, previous to, or at the time of the sale, have affirmed what he knew to be false, in relation to the title, or concealed some material fact connected with the same, or used some fraudulent means by which the vendee was induced to accept a deed without covenants of warranty. The fraud must consist in the sale and conveyance, and not in the subsequent transaction.

In an action upon a promissory note, the declaration averred the note to be payable, "eighteen months to the" plaintiff: *Held,* on general demurrer, that the averment was sufficient, it being sufficiently certain to indicate that the promise was to pay in eighteen months from the date of the note.

THIS cause was heard in the Court below, at the September term, 1841, before the Hon. Stephen A. Douglass and a jury. Verdict and judgment were rendered for the plaintiff for $1537.50. The defendants appealed to this Court.

CYRUS WALKER and W. A. MINSHALL, for the appellants, relied on the following points authorities :

As to the pleas of want of consideration. 5 Johns. 277–8 ; 7 Johns. 26 ; 8 Johns. 120 ; 9 Johns. 304 ; 2 Johns. 52 ; 7 Cowen 322 ; 6 Cowen 682 ; 19 Johns. 53 ; 18 Johns. 143.

As to a quitclaim deed, its nature and qualities, whether consideration or not. 1 Cowen 613—16 ; 14 Johns. 193–4 ; 3 Johns. 363.

A promise to pay for improvement on public land was decided by this Court no consideration. Carson *v.* Clark, 1 Scam. 113.

A tortious possession and relinquishment of land may be a good consideration when against an individual or natural person, but not so against the Government; because, as against a person, it is the first step in acquiring a title by intrusion. Abatement or Disseizen— Acquiring title by, see 2 Blac. Com. 196–7. But against the Government, title cannot be thus acquired. The Government cannot be disseized. 4 Dane's Abr., title Seizen and Disseizen, 17. The Commonwealth cannot be disseized. 6 Dane's Abr. 71 ; Nature of Abatement, Intrusion, and Disseizen, 3 Blac. Com. 168—170.

The nature of the possession of the public land by permission of the General Government, is only that of a tenancy at will. Story's Laws of U. S. of 1807, 1069. If without permission, it is mere intruding, without any color of title or right to possession. This last was the character of the possession of the appellee. The deed of quitclaim was therefore void, and conveyed no interest whatever.

An estate at will is no consideration. 1 Dane's Abr. 123 ; Comyn on Cont. B ; Chitty on Cont. 10, note 14, note *g.* Tenant at will cannot grant his estate to another. If he does, or makes the attempt, it is a forfeiture and determination of the estate, and nothing passes to the grantee; and the grantor may have trespass. Title, Tenant at Will, Coke on Lit., chap. , § 71. The deed, though void, is a forfeiture, and determination of the estate. A void deed is no consideration, 7 Mass. 15, 22, 32 ; and purchase money may be recovered back. 2 Peters 235. Quitclaim deed no consideration, when failure of title is total. 2 Greenl. 390–2 ; 4 Peters' Cond. R. 8. See also on failure of title, and no consideration, Tyler *v.* Young *et al.,* 2 Scam. 447.

This defence was admissible under the general issue. 8 Cowen 31–4 ; 15 Johns. 230–1 ; 13 Johns. 57 ; 1 Chit. Plead. 416, 419 ; 19 Johns. 53 ; 18 Johns. 144 ; 12 Wend. 246–7 ; Steph. Plead. 200–1.

Fraudulent combination alleged, and deprivation of property pretended to be conveyed, to as large an amount as the note sued

on. The consideration is also illegal and against the policy of the Act of Congress of 1807. See case on illegal consideration, 9 Johns. 304.

If the pleas are bad, the demurrer of the plaintiff to the defendants' pleas should have been sustained to plaintiff's declaration. The demurrer of the defendants to the plaintiff's replication to the defendants' sixth plea, should have been sustained to the plaintiff's declaration, instead of to the defendants' sixth plea. The Court is bound to look in to the whole record on such demurrer, notwithstanding an issue of fact may have intervened in this case. The plaintiff's declaration shows no cause of action against the defendants. Steph. Plead. 120, 145–6 ; Berry *v.* Savage *et al.*, 2 Scam. 261.

O. H. Browning, for the appellee, cited Snyder *v.* Laframboise, Breese 270 ; Kirkland *v.* Lott *et al.*, 2 Scam. 14 ; Myers *v.* Aikman, 2 Scam. 452 ; Swain *et al. v.* Cawood, 2 Scam. 505.

Treat, Justice, delivered the opinion of the Court :

This was an action of *assumpsit*, instituted in the Schuyler Circuit Court, by William D. Knapp, as administrator of John H. Knapp, against Edward Doyle, James W. Allen, and Jesse M. McCutcheon. The declaration is in the usual form, upon a promissory note bearing date the ninth of May, 1836, for $1250, and made by the defendants to Knapp, the intestate.

The defendants pleaded six pleas ; the first, *non assumpsit ;* the second, that the note was made and executed without any good or valuable consideration. On these pleas the plaintiff joined issue. The third, fourth, fifth, and sixth are pleas of total failure of consideration. The third plea avers, that Knapp, the intestate, at the date of the note, without authority from the Government of the United States, had intruded upon and occupied a certain tract of land, situated in Iowa Territory, and had a pretended claim to an undivided half thereof, when in truth and fact he had no right or title whatever, and was then occupying the same of his own wrong ; and the note was executed in consideration of the sale of his pretended claim. The fourth plea avers that Knapp, the intestate, had entered upon a tract of land, containing one hundred and fourteen acres, belonging to the Government of the United States, situated in Iowa Territory, and pretended to claim an undivided half thereof; that he, with one Nathaniel Knapp, who pretended to claim the other undivided half, laid it out into town lots, and sold, without the knowledge of the defendants, sixty of the choice lots, worth $3000, prior to the date of the note ; that the note was made in consideration of the intestate's pretended claim to an undivided half, with the exception and reservation of six of the town lots, which said pretended claim, the said Knapp, with his wife, on the day of the date of the note, relinquished to the defendants, by a quit

claim deed, including in the deed, the sixty lots so sold, and said defendants had no means of resisting the claims of other persons, who had previously purchased the sixty lots.

The fifth plea avers that the intestate and Nathaniel Knapp, at the date of the note, had intruded upon a tract of land owned by the Government of the United States, and which had not been surveyed by the Government, situated in Iowa Territory, each pretending to claim an undivided half, and laid it out into town lots, and the intestate, with his wife, for and in consideration of $5000, executed to the defendants a quit claim deed for his claim to an undivided half, with the exception of six lots only; that Nathaniel Knapp claimed an undivided interest in the six lots reserved, which the intestate refused to pay to said Nathaniel Knapp, and they, combining together to defraud the defendants, took and kept six other lots, which the intestate had quitclaimed, in order to satisfy the said Nathaniel, and the defendants had no legal title or remedy to prevent the taking and keeping of the lots.

The sixth plea avers that said intestate, previous to the making of the note, intruded upon a tract of land owned by the Government of the United States, situated in Iowa Territory, and the note was given in consideration of his making a quit claim deed to the defendants, of an undivided half thereof, without any covenants of title or possession, when in fact and truth he had no claim whatever to the land, either possessory or otherwise, but was an intruder and trespasser, and the Government, after the execution of the note, sold the land to other persons, and the defendants received no interest, either possessory or otherwise, or benefit whatever, through the deed.

The plaintiff demurred to the third, fourth, and fifth pleas, and the Court sustained the demurrer. The plaintiff replied to the sixth plea, that the defendants did receive benefit from the purchase, and the quit claim deed, by selling and disposing of the interest which they purchased, to other persons. To this replication the defendants demurred, and the Court sustained the demurrer to the plea, deciding it to be bad.

A jury was sworn to try the issues on the first and second pleas, and they found a verdict for the plaintiff for $1537.50, on which the Court rendered judgment.

The defendants bring the record into this Court by appeal, and assign several causes for error, only two of which are relied on. The first assignment is, that the Court erred in sustaining the plaintiff's demurrer to the defendants' third, fourth, and fifth pleas.

An act, lawful in itself, which is for the benefit of one party, or to the prejudice of another, constitutes a sufficient consideration to support a promise. The possession of lands, or a claim of title to real estate, may be the subject of sale and transfer, and a good consideration to support a promise for the price. The transfer of the possession, or of the claim of title, is to the prejudice of the seller, and a benefit to the purchaser, and therefore a good con-

sideration. (1)    There is no doubt but the sale and transfer of
Knapp's claim to the defendants, was a sufficient consideration for
the note.    Knapp was in possession, claiming an interest in the
land, and he transferred his possession and interest to the defend-
ants, by a quit claim conveyance.    The question, then, arises, has
the consideration on which the note was founded, failed?    The
doctrine is well established, both at law and in equity, that on a
sale of land, where there is neither fraud nor warranty, on the
part of the vendor, the vendee cannot recover back the purchase
money, although there may be a total failure of title. (2)    This
Court decided, in the case of Snyder *v.* Laframboise, (3) that a
party who takes a quit claim deed, on the sale of land, runs the
risk of the goodness of the title, unless fraud has been prac-
tised upon him; and to constitute fraud, the vendor must, previ-
ous to, or at the time of the sale, have affirmed what he knew to
be false in relation to the title, or concealed some material fact con-
nected with the title, or used some fraudulent means, by which the
vendee was induced to accept a deed without covenants of war-
ranty.    The fraud must exist in the sale and conveyance, and not
in a subsequent transaction.    No such fraud or deceit is alleged by
the defendants, in any of their pleas.    It is difficult to perceive
how any failure of consideration can arise, after the sale is com-
pleted, by the execution of a quit claim deed, releasing to the pur-
chaser all the interest of the seller in the land, accompanied with
a transfer of the possession, and the execution of a note by the
purchaser for the price.    The vendee purchases only the interest
of the vendor, and, in the absence of fraud, he is bound to ascer-
tain the extent of the interest he is acquiring.    The vendor sells
and transfers all the interest he has in the premises, and refuses to
covenant or warrant as to the nature or extent of the interest, or
the goodness of the title the vendee acquires.    The pleas are
therefore bad, in not averring fraud on the part of Knapp, in the
sale and conveyance.

If the defendants derive no benefit from the purchase, it is to be
attributed to their own want of diligence in not ascertaining the
extent of the interest they were acquiring by the purchase, and in
accepting a conveyance without any covenants of warranty, as to
the title, or the right of possession.

The second assignment of error is, that the Court erred in sus-
taining the demurrer to the sixth plea, when it should have been
sustained to the declaration.    The sixth plea is defective, as has
already been shown, and the Circuit Court decided correctly, in
sustaining the demurrer, unless the declaration is bad on general
demurrer.    So much of the declaration as, it is contended, is lia-
ble to this objection, is as follows :  " The defendants, on the 9th

(1)  6 Wend. 648.
(2)  2 Caines 188; 2 Johns. Ch. R. 522; 5 Johns. Ch. R. 29, 79.
(3)  Breese 270.

day of May, 1836, at the county of Schuyler, and State of Illinois, made their certain promissory note in writing, bearing date the day and year aforesaid, and thereby, then and there, promised to pay, eighteen months to the said John H. Knapp, the sum of twelve hundred and fifty dollars, for value received, by means whereof," &c.

It is insisted, that the declaration does not show when the note is payable. We think the declaration is good on general demurrer. It is sufficiently certain to indicate that the promise is to pay in eighteen months from the date of the note. By prefixing the word "in" it would be entirely certain, and the omission of that word, or some equivalent phrase, was probably a mere mistake of the pleader.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*