GEORGE W. HOMAN, PLAINTIFF IN ERROR, V. STEELE, JOHNSON & CO., DEFENDANTS IN ERROR.

1. **Consideration:** PROMISE FOR A PROMISE. Where several promise to contribute to a common object desired by all, the promise of each is a good consideration for the promise of the others, and can be enforced by suit when the corporation or person to whom the subscription runs has incurred obligations on the faith of such subscriptions, and has complied with the conditions on which they were made.

2. **Contract:** TIME. Where a time is fixed in which certain work is to be done, it is not, in general, so far of the substance of the contract that if the work is done, but not until some days later, no compensation can be recovered. In such case an action for the price will be sustained, leaving the defendant to show any injury he may have sustained by the delay.

3. ———: PRACTICE: AMENDMENT IN SUPREME COURT. Where an action is brought upon a contract instead of a *quantum meruit*, and all the proof introduced without objection, showing the right of the plaintiff to recover, the supreme court will, if necessary, permit an amendment of the petition to conform to the proof, or remand the cause to the district court for such amendment.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*G. W. Ambrose*, for plaintiff in error.

*George B. Lake*, for defendant in error.

MAXWELL, J.

The action is based on a subscription, of which the following is a copy:

"OMAHA, NEBRASKA, March 17th, 1880.

"We, the undersigned, agree to pay to Messrs. Steele, Johnson & Co., of Omaha, Neb., the sum set opposite our respective names, upon the completion and occupancy by

them, as wholesale grocers, of a three-story brick building, 66 feet by 120 in size, on lot 4, block 150, in Omaha, Douglas county, Nebraska; said building to be completed and occupied by them on or before the first day of November, 1880; said building to have an outside appearance equal to the Burlington & Missouri R. R. building on the corner of Farnam and 10th streets, Omaha, Neb.

| | |
|---|---:|
| J. Strickler | $100.00 |
| G. W. Homan | 200.00 |
| J. S. McCormick | 250.00 |
| Elnathan Mills | 75.00 |
| Geo. B. Lake | 75.00 |
| Geo. W. Doane | 75.00 |
| First National Bank, by H. W. Yates | 50.00 |
| W. W. Lowe | 50.00 |
| C. C. Housel | 50.00" |

The plaintiffs below (defendants in error) allege in their petition, in substance, that on the 17th of March, 1880, they were wholesale grocers in Omaha, and that the defendant below was the owner of certain real estate situate near lot 4, block 150, in said city; that said plaintiffs were about to erect a large and expensive building, but had not then decided on a location; that the defendant, on that day, in order to induce the plaintiffs to locate said building on lot 4, block 150, and in consideration of like agreements of and subscriptions of other parties, also lot owners or interested in real estate in said city, subscribed and promised to pay the plaintiffs the sum of $200 for that purpose, and that, relying upon said subscriptions, the plaintiffs located and erected said building on said lot, and have duly performed all the conditions of said contract on their part to be performed; and that after said building was completed and occupied by the plaintiffs they demanded payment of said sum, which was refused.

The answer of the defendant below admits the partner-

ship of the plaintiffs; that the defendant was interested in certain real estate near lot 4, block 150; admits that defendant signed the contract sued on, and denies all other allegations of the petition. On the trial of the cause the court directed the jury to return a verdict for the plaintiff, which was done, and judgment rendered on the verdict for the sum of $248.50. In the motion for a new trial the following points were made:

1st. That the verdict is not sustained by sufficient evidence.

2d. That the verdict is contrary to law.

3d. That the court erred in refusing to give the instructions asked by the defendant.

4th. That the court erred in instructing the jury to find for the plaintiffs.

In the briefs of the plaintiff in error no mention is made of error, either in giving or refusing instructions. That ground, therefore, may be considered as abandoned. The only question, therefore, to be considered is, whether or not the evidence sustains the verdict. There is no conflict in the testimony, and it shows the following facts: That in the spring of 1880 the plaintiffs below were looking for a location; that they had three in view, viz., lot 4, block 150, a lot on the corner of 10th and Harney streets, and one on the corner of 9th and Farnam streets; that the price asked for lot 4, block 150, was $8,000. The lot, it seems, was owned by parties in New York, and as Mr. Johnson was going thereon business, he seems to have been authorized by his firm to purchase it, at not to exceed $6,500. The testimony of a member of the firm upon that point is as follows: "I think we made an offer first of six thousand dollars. Mr. Johnson went to New York on business, and expected to see the administrator of the estate while there. It was understood between him and his partners that we were to go as high as $6,500. We thought that was the full value of the property; and if we failed to get that, we had those

other two pieces in view that we were negotiating for."
The subscription paper upon which this action is brought
was thereupon prepared by property owners, including the
defendant, and signed by them; that the defendant had a
livery stable immediately across the alley south of said
building, and also other real estate· near that point; that
the plaintiffs below actually paid $7,700, and paid certain
taxes for the lot, in all more than $8,000; that they erected ·
a building thereon 66 by 128 feet, and three stories high
above the basement. It is admitted that the size and ap-
pearance of the building are all that are required by the
subscription paper. The testimony also shows that in
October, 1880, the plaintiffs stored a quantity of canned
goods and raisins in the building, and that from that time
until the 15th of December, 1880, they stored more or less
goods there, and sold some from that building, but that
they did not complete the removal of the stock, and move
their office there, until December 15, 1880.

It is claimed on behalf of the plaintiff in error that there
is no mutuality in the contract, and certain cases are cited
to sustain the position, which will be noticed in their order.
*First, Turnpike Co. v. Collins*, 8 Mass., 292. In that case
a recovery was defeated upon the sole ground that the
promisee, the corporation, had neither accepted nor au-
thorized the subscription.

In *Academy v. Davis*, 11 Mass., 114, the action failed on
the grounds, 1st, That the action should have been brought
by the trustees and not the corporation; and 2d, That as
there was no corporation in existence when the promise
was made there was no promisee.

In *Academy v. Gilbert*, 2 Pick., 579, nothing had been
done by the promisee on the faith of the promise, and
in *Trustees of Hamilton College v. Stewart*, 1 Comst., 581,
the plaintiff failed because there was "no engagement
whatever upon the part of the plaintiffs or any other per-
son to do or forbear to do anything as a consideration for

the promise of the defendant." That is, it was a promise to make a gift, which not being performed, no action would lie thereon. In this case, however, the allegations of the petition are, and the proof shows, that in consequence of the promise of the defendant and others the plaintiffs were induced to purchase the lot in question and erect the building thereon. They acted upon the faith of these subscriptions, and that is a sufficient consideration. In 2 Kent Com., *465, it is said: "A valuable consideration is one that is either a benefit to the party promising or some trouble or prejudice to the party to whom the promise is made. Any damage, or suspension, or forbearance of a right will be sufficient to sustain the promise." That is, a benefit or advantage accruing to the party who makes the promise or some inconvenience or injury sustained by the party to whom the promise is made is sufficient to support a contract. *Powell v. Brown*, 3 Johns., 100. *Carr v. Card*, 34 Mo., 513. *Clark v. Sigourney*, 17 Conn., 511. *Lawrence v. Fox*, 20 N. Y., 268. *Odineal v. Barry*, 24 Miss., 9. *Warren v. Whitney*, 24 Me., 561. *Doyle v. Knapp*, 4 Ill., 334. Many other cases to the same effect might be cited.

In *Commissioners v. Perry*, 5 Ohio, 57, the contract was as follows:

"We, the undersigned subscribers, do hereby promise to pay the commissioners of the canal fund of the state of Ohio, for the use of said fund, the sums severally annexed to our names, in three several equal installments, the first on January 1, A.D. 1827; the second on January 1, A.D. 1828, and the third and last on January 1, A.D. 1829, upon condition that the canal be located on the east side of the Cuyahoga river from the lower rapids to the village of Cleveland.

"*Cleveland, December 6, 1825.*"

The contract was held to be valid. In that case the legislature had authorized the commissioners to receive

such proposals, but the decision seems to be based on the general rule.

In *Fremont Bridge Co. v. Fuhrman*, 8 Neb., 99, it was held that where a corporation or person to whom a subscription runs has incurred obligations on the faith of such subscription, and has complied with the condition on which it was made, the same may be enforced by suit. It is said (page 103): "While there is some conflict in the authorities, the clear weight of authority seems to sustain the rule that where several promise to contribute to a common object desired by all, the promise of each is a good consideration for the promise of the others and can be enforced by suit when the corporation or person to whom the subscription runs has incurred obligations on the faith of such subscriptions, and has complied with the conditions upon which they were made." In that case the location of the bridge was changed after the subscription was made without the assent of Fuhrman, therefore the court held that he was not liable.

But it is said that the building was not completed and occupied November 1st, 1880, and therefore the defendant below is not liable. An examination of the contract shows that the sums were to be paid on "the completion and occupation of the building." In the next sentence it is stated that the building is to be completed and occupied on or before November 1st, 1880. The rule in regard to time appears to be this: That where there is nothing special in the nature of the property or of the purposes for which it was intended, although a particular day may be fixed for the completion of the contract, yet the general object being the accomplishment of the purpose for which the promise was made, viz., the completion of the contract, the particular day named is merely formal.

A different rule obtains where the nature of the property or the purpose for which it was intended is of such a character as to make time material. In this case the ob-

42

ject of the subscribers was to benefit their property by inducing a large wholesale firm to establish its business on Harney street and thus induce others to erect business houses thereon and make it a business street, thereby greatly enhancing the value of their property. The building erected was larger than required by the stipulation, and in all respects was fully equal to the requirements of the contract. The benefit so far as it appears was equally as great to the defendant as though the building had been actually completed and occupied on Nov. 1st. And the defendant below when asked for his subscription, in January, 1881, made no objection either to the building or the time of its completion, and promised to pay the amount subscribed. About a month afterwards he made a similar promise, and afterwards sent a friend to try and induce the plaintiffs to take $100 in satisfaction of the demand. The plea as to time evidently is an after-thought.

3d. It is claimed that the action should have been to recover on a *quantum meruit* and not upon the contract, that when the suit is upon the contract alleging compliance therewith everything is essential in the contract to authorize a recovery. Parsons states the rule in such cases as follows: "If the time be set in which certain work is to be done it is not in general so far of the substance of the contract that if the work be done, but not until some days later, no compensation will be recovered; but an action for the price will be sustained leaving the defendant to show any injury he has sustained by the delay, and use it in reduction of damages by way of set-off," etc. 2 Parsons on Contracts (5 Ed.), 660. This, we think, states the law correctly. The few days which elapsed after the time fixed for the completion and occupation of the building and the time in which it was actually completed and occupied do not in our view affect the right to recover. The defendants' attorneys in their brief virtually admit this, but say the action should not have been upon the contract. This

objection should have been made on the trial to be available here. Where proof has been introduced without objection which would entitle a plaintiff to recover, this court would, if necessary, permit an amendment of the petition to conform to the proof, or remand the cause to the district court for that purpose.

It is apparent that substantial justice has been done, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.