THOMAS HUFF, PLAINTIFF IN ERROR, v. RUEL NIMS & CO., DEFENDANTS IN ERROR.

| 11 | 363 |
|----|-----|
| 16 | 537 |
| 11 | 363 |
| 31 | 127 |
| 11 | 363 |
| 40 | 808 |
| 41 | 256 |
| 11 | 363 |
| 48 | 766 |

1. **Verdict of Jury on Conflicting Testimony.** Where there is conflicting testimony as to the genuineness of a written instrument, and the question has been fairly submitted to the decision of a jury, their verdict should not be disturbed.

2. **Witnesses:** CROSS-EXAMINATION: HANDWRITING. The defendant, having denied the genuineness of the promissory note on which the action was brought, called his son as a witness, who testified in chief that certain words in the note which his father actually gave were written by himself. On cross-examination he was required to write the same words in the presence of the jury, for their inspection and comparison with the note in controversy. *Held*, competent evidence and proper cross-examination of the witness.

ERROR to the district court for Richardson county. The action there was on a promissory note given by Huff to one Byrne, and by the latter assigned to plaintiff. Trial below before WEAVER, J., and a jury. Verdict and judgment for plaintiff, and Huff, defendant, brought cause here on a petition in error.

*George P. Uhl*, for plaintiff in error, cited 3 Greenleaf Ev., sec. 106, note 1. 1 Chitty Pleading, 483, note 2.

*A. R. Scott* and *C. Gillespie*, for defendants in error, cited Gen. Stat., 583, sec. 344. *Myers v. Toscan*, 3 N. H., 67. *Reid v. The State*, 20 Georgia, 681. *Clark v. Wyatt*, 15 Ind., 271.

LAKE, J.

The sole question in controversy in the court below was as to the identity of the note sued on, the plaintiff in error contending that it was not the one he had given. This question was fairly tried, and decided by the jury, and we think rightly; at all events, no case is presented which would justify the court to set their verdict aside.

There was, it is true, considerable conflict in the testimony, two or three witnesses on each side giving conflicting statements, but in view of the concession by the plaintiff in error that he had given a note about

the time of the date of this one, maturing at the same time, for the same amount, and payable to the same party, we are of opinion that it was decidedly in favor of the conclusion reached by the jury. Therefore the objection that the verdict is not supported by the evidence is not sustained.

The only other point relied on worthy of attention is the alleged error in requiring the witness Huff to write certain words in the presence of the jury, and for their inspection and comparison with the same words contained in the note on which the action was brought.

This witness had testified in chief, on behalf of his father, that these words in the genuine note were in his own handwriting, while those in the one then in evidence were not. In view of this testimony, the handwriting of the witness was made an important factor in the case, and it was certainly competent for the defendant in error to disprove his oral statement as to the words of the note then before the jury. This could be done in various ways, one of which was by a comparison of the writing of the note with other writing either admitted or proved to be his own. That written in the presence of the court and jury was certainly his own, and ought to have been acceptable to the witness and the party calling him. If not dissembled—and of the possibility of this the party conducting the cross-examination took the risk—the writing thus exhibited enabled the jury to form a pretty accurate estimate of the value of the witness's oral testimony on this point. And the jury were competent to make the comparison between the writing in the note and that made in their presence, either with or without the aid of experts. There was no error in the ruling of the court on this point, and the judgment must be affirmed.

JUDGMENT AFFIRMED.