CAROLINE KIKEL, APPELLANT, V. MICHAEL KIKEL, APPELLEE.

**Divorce.** A husband who brings an action against his wife for a divorce, on the ground of abandonment, will not be entitled to a decree of divorce if it is made to appear on the trial that she was compelled to leave the home of the plaintiff, by reason of his cruel treatment of her.

APPEAL from the district court of Cuming county. Heard below before CRAWFORD, J.

*Uriah Bruner,* for appellant, cited: *Washburn v. Washburn,* 9 Cal., 475. *Wood v. Wood,* 5 Ired., 674. *Cornish v. Cornish,* 23 N. J. Eq., 208. *Carter v. Carter,* 62 Ill., 439. *Pierce v. Pierce,* 33 Iowa, 238.

No appearance for appellee.

MAXWELL, J.

In November, 1884, the plaintiff filed her petition against the defendant in the district court of Cuming

county, praying for a divorce from the bonds of matrimony, upon the ground of cruelty. There was an additional prayer for alimony. In her petition, the plaintiff alleged that she and the defendant were married in Prussia, in the year 1859. The defendant, in his answer, admitted the marriage as alleged, but denied the other allegations of the petition. In January, 1885, the defendant sold his farm in Cuming county for about $2,500, and after paying an incumbrance on the farm of from $400 to $500, paid the plaintiff the sum of $663. This seems to have been paid under an agreement of the parties to live separate from each other. The evidence as to the agreement is not very clear, nor is the question material in this case. The action remained on the docket of the district court, and in September, 1887, the defendant filed an answer, in the nature of a cross-petition, in which he alleges, in substance, that the plaintiff left said defendant without his consent, and has since refused to live with him, and that in January, 1885, he sold his farm and paid the plaintiff $663, and divided the personal property with her. A few days after the filing of the cross-petition, the plaintiff applied to the court for an order for temporary alimony to prosecute the action, on the ground that she was without means, while the defendant had an abundance. This application the court overruled. The plaintiff thereupon dismissed her petition, and filed an answer to the defendant's cross-petition, in which she denied all the allegations therein contained, except the sale of the farm, payment of money, and division of some personal property. She thereupon alleged the extreme cruelty of the defendant as cause for her leaving.

On the trial of the cause a decree of divorce was rendered on the cross-petition of the defendant. The plaintiff appeals.

There is but little contradiction in the testimony. The plaintiff and defendant were married in Prussia in the year 1859, and nine children were born to them. The plaintiff

17

testifies in regard to the defendant's treatment of her, as follows:

"A.   When there was the young folks in the house he could not do me anything, he could not harm me.   Since that time he commenced about going to court, and he wanted to borrow money, and I would not sign with him; then he kicked me with his foot, this way.   On the 18th of January he came home at twelve or half-past eleven o'clock in the night, and said: 'Now you will see that the court gets the farm.   What are you laying here and stinking for, come, get out of this.'   I said to him, ' Well, I will, if it is in the night; give me my share.'   Then he said, 'I will give it to you, you carcass, that your head will rattle.'   And as he was saying this he was in the room and had hold of me by the arm, and dragged me out of the bed and on the floor.   In the morning he said, 'Ain't you going to get up?   I will throw you out of the door; if you don't get up I will throw you out of the door.'   Then I got up, and he got up also, and made the fire.   I was bruised over here all black.     *     *     * Then William Huss came and milked the cows.   I said that I could not milk, and when he came I was sitting trying to put on my shoes, and he took my shoes away and hid them in the cupboard, and locked the cupboard and put the key in his pocket."   She also testifies to other acts of cruelty, which need not be considered.   The testimony of the defendant was taken through an interpreter, and perhaps that of the plaintiff.   The defendant does not deny the essential facts testified to by the plaintiff.   Upon this proof, can a decree of divorce be sustained?   We think not.

In *Warner v. Warner*, 20 N. W. R., 558, the supreme court of Mich. say: "Separation is not necessarily desertion.   The latter may not arise until long after the former has occurred.   *Reed v. Reed*, Wright, 224.   *Ahrenfeldt v. Ahrenfeldt*, 1 Hoff. Ch., 47.   *Clement v. Mattison*,3 Rich., 93.   *Fellows v. Fellows*, 31 Me., 342.   And when separation

and desertion occur at the same time, the guilty party is not always the one who leaves the matrimonial home. *St. John v. St. John*, Wright, 211. *Cossan v. Cossan*, Id., 147. 2 Dane Abr., 308. Bish. Mar. and Div., 514. Desertion, under the statute, is the willful abandonment of one party by the other, without cause and against the will of the party abandoned, for the period of two years. If the husband's conduct is so cruel towards his wife that she cannot live and cohabit with him with safety to her health or without peril to her life, or if she has good reason to believe she cannot, and for such reason she leaves him and abandons his home, she does not thereby commit the crime of desertion. See also *Cornish v. Cornish*, 23 N. J. (Eq.), 207. *Carter v. Carter*, 62 Ill., 439. *Pierce v. Pierce*, 33 Iowa, 238. *Levering v. Levering*, 16 Md., 213. *Lea v. Lea*, 8 Allen, 418. *Crow v. Crow*, 23 Ala., 583. *Fulton v. Fulton*, 36 Miss., 517. *Lynch v. Lynch*, 33 Md., 328. *Marsh v. Marsh*, 14 N. J. (Eq.), 315. *Washburn v. Washburn*, 9 Cal., 475. *Wood v. Wood*, 5 Ired. (N. C.), 674. *Camp v. Camp*, 18 Tex., 528."

A party who brings an action against his wife for a divorce on the ground of abandonment, will fail in the action if it appear on the trial that his wife was compelled to leave his home by reason of his cruel treatment of her. In such case the party bringing the action is the one at fault, the desertion being caused by his own acts, and not from the desire of the wife. The testimony in this case shows that the alleged abandonment of the plaintiff was caused by the cruel treatment of the defendant, and not from a desire on the part of the wife to separate from the defendant. This being the case, he is not entitled to a decree of divorce.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.