W. H. JEWELL v. CHARLES M. CHAMBERLAIN.

FILED JUNE 26, 1894.    No. 5253.

1. **Evidence:** SUBSCRIBING WITNESSES: SIGNATURES.    In case a subscribing witness is absent from the county in which the suit is pending, or if he denies or does not recall the execution of the instrument to which his name is subscribed as such witness, its execution may be established by other competent evidence.

2. **Sufficiency of Evidence:** INSTRUCTIONS.    *Held*, That the evidence sustains the verdict, and that there is no error in the charge of the court.

ERROR from the district court of Johnson county. Tried below before BROADY, J.

*J. Hall Hitchcock*, for plaintiff in error.

*Chamberlain Bros. & Rood, contra.*

NORVAL, C. J.

This is an action by Charles M. Chamberlain upon a promissory note calling for the sum of $30.83, purporting to have been signed by W. H. Jewell. The petition alleges the execution and delivery of the note and the indorsement thereof by the payee to the plaintiff below, before maturity for a valuable consideration. The answer is a general denial. From a verdict and judgment in favor of the plaintiff, the defendant prosecutes error to this court.

The note in question purports to have been signed by the payee, George H. Dennett, as a witness. Upon the trial the plaintiff, in making out his case in chief, introduced evidence tending to show that plaintiff had made efforts to find said Dennett, but did not succeed in locating him, as he was not in the state at the time of the trial. Testimony was likewise adduced tending to prove the genuineness of Dennett's signature, both as a subscribing witness and as indorsee of the paper. Plaintiff then called as a witness one C. L. Rothell, who testified that he was acquainted with the defendant's handwriting; that he had seen him write his name frequently, and that the signature to the note as maker was the defendant's. It is insisted that no proper foundation was laid for the introduction of the above testimony of the witness Rothell, and section 343 of the Code is cited in support of the contention, which reads as follows:

"Sec. 343. When a subscribing witness is absent from the county in which the action is pending, denies, or does

not recollect, the execution of the instrument to which his name is subscribed as such witness, its execution may be proved by other evidence."

This statute authorizes a party to prove the execution of an instrument by evidence other than that of the subscribing witness thereto, in case such witness is absent from the county where the suit is pending, or where such witness, being present at the trial, denies, or does not recollect, the execution of the instrument. It was proven, as already stated, that Dennett, the person who signed the note as a subscribing witness, was not only out of the county where the trial was had, but was not in the state; hence the proper foundation was laid for the introduction of the evidence objected to.

It is claimed that the verdict is not sustained by sufficient evidence. Although the defendant, while upon the witness stand, testified that he did not sign the note in controversy, there was ample proof before the jury, introduced by the plaintiff in chief and upon rebuttal, to justify them in finding that he executed the note. (*Huff v. Nims,* 11 Neb., 363.)

Complaint is finally made of the following instruction: " The question of fact for you to determine is whether the defendant Jewell signed the note offered in evidence. If you find from the evidence that he did, you will find for the plaintiff the full amount of the note. If you fail to find from the evidence that defendant Jewell signed the note, you will find for the defendant." There is no room for doubt that the above charge is sound as an abstract proposition of law; indeed, defendant below does not urge that it is not, but maintains that there was no competent evidence before the jury upon which to base the instruction. This objection is fully met by our remarks upon the other assignments of error.

There being no reversible error in the record, the judgment is

AFFIRMED.