RAEGINALD J. MACK, APPELLANT, V. ARTHUR MACK, APPELLEE.

FILED NOVEMBER 16, 1910.    No. 16,182.

1. Contract: VALIDITY: PUBLIC POLICY. A contract between a man and his stepmother, who is living apart from his father for cause sufficient to entitle her to a divorce, that, if she will return to and care for her husband during his natural life, the stepson will support her so long as she shall live, is not against public policy.

2. ————: CONSIDERATION. "The consideration of a contract need not move to the promisor. A disadvantage to the promisee is sufficient, although the promisor derives no benefit therefrom." Faulkner v. Gilbert, 57 Neb. 544.

APPEAL from the district court for Stanton county: GUY T. GRAVES, JUDGE. Reversed.

Mapes & Hazen and Allen & Dowling, for appellant.

John A. Ehrhardt and Andrew R. Oleson, contra.

ROOT, J.

This action is prosecuted by the plaintiff against her stepson. The plaintiff, in substance, alleges that her husband became addicted to the excessive use of intoxicating liquors, and while intoxicated would assault, ill-treat and beat her so that she was compelled for her own safety, health and peace of mind to leave and live apart from him; that the defendant, while the plaintiff was thus living separate from her husband, orally promised her that, if she would return to her husband and care for him as

best she could during his natural life, the defendant would support her so long as she should live; that, in consideration of said promise, she returned to her husband and lived with and cared for him during his natural life, but that the defendant has repudiated his agreement. The defendant admits that the plaintiff and his father were married, and denies all other allegations in the petition. The court excluded all evidence offered to prove the contract, for the alleged reasons that it is against public policy, and is not supported by a consideration. The jury, in obedience to a peremptory instruction, returned a verdict for the defendant. For the purposes of this appeal, we shall assume that the promise was made and that the plaintiff acted thereon, and shall confine the discussion to the alleged illegality of the contract and the lack of consideration to support it.

In this state marriage is a social status which may be assumed by the agreement of parties competent to contract with reference thereto. *University of Michigan v. McGuckin*, 64 Neb. 300. A married woman in Nebraska may own, hold and control her separate estate, engage in business on her own account, and contract with her husband. Ordinarily a married woman's financial transactions with her husband will be upheld. *Currier v. Teske*, 84 Neb. 60. The marriage relation imposes upon the contracting parties obligations so well understood that it is unnecessary to enumerate them, but they are reciprocal, and no husband, as a matter of right, is entitled to his wife's society or services if he violates his part of their compact. If the husband becomes an habitual drunkard, or is guilty of extreme cruelty to his wife, she may procure a release from the bonds of matrimony (Comp. St. 1909, ch. 25, secs. 6, 7), or she may depart from his home and live separate and apart from him (*Kikel v. Kikel*, 25 Neb. 256; *Sample v. Sample*, 82 Neb. 37).

In the case at bar, if the statements made by the plaintiff in her petition are true, she had good grounds for a divorce from her husband at the time she separated from

him, and it follows as a necessary consequence that he had no claim in law to her services or society. Authorities are cited to sustain the argument that the contract is contrary to public policy, and therefore void. In so far as those cases refer to instances where the wife without just cause departed from her husband and refused to live with or perform her duty to him, they may state the law correctly, but the opinions that refuse to sustain a contract to restore cohabitation after it has been interrupted by conduct of the husband sufficient to justify a court divorcing him at the wife's complaint are not in our judgment based upon the principles of right and justice. Rather we approve the language of Justice Rapallo in *Adams v. Adams,* 91 N. Y. 381: "Agreements to separate have been regarded as against public policy, but it would be strangely inconsistent if the same policy should condemn agreements to restore marital relations, after a temporary separation had taken place. While the law favors the settlement of controversies between all other persons, it would be a curious policy which should forbid husband and wife to compromise their differences, or preclude either from forgiving a wrong committed by the other." See, also, *Phillips v. Meyers,* 82 Ill. 67; *Polson v. Stewart,* 167 Mass. 211; *Duffy v. White,* 115 Mich. 264.

The argument that there was no consideration must fail, if, as a matter of fact, the wife was living separate from her husband for reasons sufficient to entitle her to a divorce. In that event, by returning to him, she waived her right to a divorce and rendered him services she was not obliged under those circumstances to perform.

Neither can we assent to the proposition that because the stepson made the promise there was no consideration therefor. The consideration for a promise need not move to the promisor in order to constitute a valid contract, but a detriment suffered by the promisee in reliance upon the promise is sufficient. *Homan v. Steele, Johnson & Co.,* 18 Neb. 652; *Faulkner v. Gilbert,* 57 Neb. 544; *Henry*

v. *Dussell*, 71 Neb. 691; *First Nat. Bank v. Estate of Lehnhoff*, 77 Neb. 303. If, therefore, the plaintiff was so situated that she had a cause of action against her husband for a divorce and in reliance upon the defendant's promise she waived her right to live separately from her husband, but returned to and cared for him, there was a consideration sufficient to sustain the contract.

Upon the record, we are convinced the learned district judge erred in holding as a matter of law there could be no recovery upon the allegations in the petition. The judgment of the district court, therefore, is reversed and the cause remanded for further proceedings.

REVERSED.