RAEGINALD J. MACK, APPELLEE, V. ARTHUR MACK, APPELLANT.

FILED OCTOBER 17, 1913. No. 18,030.

1. **Trial: INSTRUCTIONS: DAMAGES.** The instruction set out in the opinion, approved.

2. **Appeal: ADMISSION OF EVIDENCE.** The rulings of the court in the admission and exclusion of evidence set out in the opinion, approved.

3. ———: **CONFLICTING EVIDENCE.** A verdict based upon conflicting evidence will not be disturbed unless manifestly wrong.

APPEAL from the district court for Stanton county: GUY T. GRAVES; JUDGE. *Affirmed.*

*W. W. Young,* for appellant.

*Allen & Dowling, contra.*

FAWCETT, J.

This case is before us a second time. For a statement as to plaintiff's claim, and the answer thereto, reference is made to our opinion on the former hearing. *Mack v. Mack,* 87 Neb. 819. We there reversed the judgment of the district court in favor of defendant, which was based upon a directed verdict on the theory that the contract set out by plaintiff was void, as against public policy, and without consideration. Upon a retrial plaintiff recovered a verdict for $2,000, upon which judgment was rendered, and defendant appeals.

It is first urged that the court erred in giving instruction No. 5½, as follows: "If you find the plaintiff entitled to recover, you will assess the amount of her damages in such sum as the evidence may show she has sustained, not exceeding the sum of $6,000. And in assessing her damages you will take into consideration her age, her life expectancy, the amount that will be reasonably necessary to make provision for her support in furnishing her shel-

ter, food, clothing and other necessary expenses in sickness and in health, and from all facts as disclosed by the evidence you will determine the amount of her recovery." It is argued that this instruction was broader than the evidence upon which it was based, and in substance told the jury that if they desired to do so, upon the evidence, they might return a verdict in the sum of $6,000, that being the amount prayed for in plaintiff's petition. We do not think the court erred in giving this instruction for two reasons: First, that if plaintiff was entitled to recover at all there is evidence in the record which would have justified a verdict for the full $6,000; and, second, under the lowest amount testified to by plaintiff as the amount necessary for her support, viz., $25 a month, it is conceded that the value of her expectancy, as shown by the Carlisle table, would have amounted to $2,750, or $750 more than the jury allowed. It is clear, therefore, that the instruction was not prejudicial to defendant.

It is next urged that the court erred in admitting oral testimony as to the contents of a letter, claimed by plaintiff to have been written by defendant to Henry Johnson, a member of the firm of Johnson Brothers. It is true that Henry Johnson, on cross-examination, stated that "the envelope was addressed to Johnson Brothers, but the letter was written to me personally." Taking his testimony as a whole, together with that of plaintiff, who saw the letter, the court and jury were warranted in believing that the letter was written to Henry personally. Henry is a nephew of the plaintiff. The objection to the admission of oral testimony as to the contents of the letter is that no sufficient foundation had been laid; that no testimony was offered to show that a search had been made for the original, etc. Mrs. Mack testified that she saw and read the letter; that after reading it she returned it to Henry; that "Henry asked me for it, so I gave it back to him." Henry testified that he received the letter; that it was in the defendant's handwriting; that it was written in California and "sent to me direct. It was in my posses-

sion, but has become lost." In answer to the question as to whether he knew where the letter is now, he answered, "No." Conceding that the letter may have been temporarily placed in Johnson Brothers' safe, it appears that the firm had been dissolved prior to the time of trial, and that Henry gave his testimony by deposition in California, to which state he had removed. His brother John, the other member of the firm, testified that no such letter had been received. Under such circumstances, a request for John to make a search for the letter, or the issuance of a *subpœna duces tecum* directing him to bring the letter into court, would have been a useless ceremony. The court did not, therefore, err in the ruling complained of.

The next contention is that the court erred in permitting plaintiff and witnesses called in her behalf to testify as to the cruel treatment of plaintiff's husband. This testimony was clearly admissible. The very foundation of plaintiff's claim was that she was living separate and apart from her husband because of his wrong-doing, consisting of drunkenness and cruel treatment. It was absolutely necessary for her to prove a justifiable absence from her husband, or her alleged contract with the defendant would have been without consideration. If a wife is away from her husband without just cause, it is her duty to return to him whether he be then in sickness or in health, and a contract with a third person that she would return would, under such circumstances, be without consideration.

Another contention is that the court erred in denying to defendant the right to cross-examine the plaintiff as to claims made by her, after her husband's death, to certain real estate standing in the name of the defendant, but which she alleged was the property of her deceased husband. We think this testimony was properly excluded. We are unable to see how that fact would throw any light upon the question as to whether or not the contract between plaintiff and defendant had been entered into.

Lastly, it is urged that the verdict of the jury is not

State v. Reuling.

supported by the evidence. Upon this point there is a direct conflict between the parties. The evidence, we concede, is close. If the testimony of plaintiff is to be believed, she is entitled to the recovery she obtained. If the defendant is to be believed, no contract was ever entered into. The jury were the judges of the credibility of the witnesses. The case was tried by able counsel on both sides, and all of these matters were doubtless urged with vigor and skill to the jury. The jury found the facts as testified to by plaintiff, and the trial judge sustained their finding. We cannot disturb it.

Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.

REESE, C. J., ROSE and SEDGWICK, JJ., not sitting.