BENJAMIN FITCH, Jr., Administrator, etc., Appellant, *v.* THE
MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW
YORK, Respondent.

Plaintiff's complaint alleged in substance that in November, 1873, F., his
intestate, was appointed " record clerk of the board of police justices of
the city of New York," and performed the duties of that office up to
July 5, 1874, when he received notice of removal. Plaintiff sought to
recover the salary after May 1, 1874. On the trial plaintiff offered in
evidence monthly pay-rolls, each entitled " Pay-roll of record clerk of
the city of New York." Plaintiff was named therein as " record clerk of
the city." The defense was that said office, which was created by the
act of 1867 (§ 2, chap. 961, Laws of 1867), was abolished by the act of
1873 (§ 5, chap. 538, Laws of 1873), and so that the appointment of F.
was illegal. The complaint was dismissed. *Held* no error; that the pay-
rolls having been offered in evidence by plaintiff, defendant became
entitled to the benefit of such facts as they contained.

*Brennan* v. *The Mayor* (62 N. Y. 365), distinguished.

Plaintiff's counsel asked to have the complaint amended by this court, so
as to designate F. as " record clerk of the Court of Special Sessions." *Held*,
that if the provision of the Code of Civil Procedure (§ 723), in reference
to amendments, applies to this court, it should not be exercised save
where no substantial right of the adverse party would be affected ; that
the case having been tried upon a different issue, the defendant succeed-
ing upon grounds which rendered evidence on its part unnecessary,
when if an amendment had then been made, a different case might have
been presented, the amendment could not be allowed here.

(Argued March 7, 1882 ; decided April 11, 1882.)

APPEAL from judgment of the General Term of the Court
of Common Pleas in and for the city and county of New York,
entered upon an order made March 7, 1881, which affirmed a
judgment in favor of defendant, entered upon an order dis-
missing plaintiff's complaint on trial.

This action was brought originally by Augustus B. Fitch;
upon his decease the present plaintiff was substituted.

The complaint alleged in substance that plaintiff was on
November 11, 1873, appointed " record clerk of the board of
police justices of the city of New York ; " that the salary
attached to the office for the year 1874 was duly fixed at $3,-
125; that plaintiff continued to hold said office and to perform

its duties until July 5, 1874, when he received notice of his removal from the board of police justices, and thereafter was not allowed to perform such duties; that no prior notice of the intended removal, specifying the cause, was given him, and no opportunity to be heard, as required by the rules for the government of said board; that plaintiff was paid his salary up to May 1, 1874, but was not paid thereafter. Plaintiff claimed to recover the salary from May 1, 1874, to January 1, 1875.

Defendant's answer averred among other things, that the office of record clerk was, prior to plaintiff's appointment, abolished by the act (§ 5, chap. 538, Laws of 1873.)

On the trial plaintiff offered in evidence a resolution of the board of police justices, passed November 11, 1873, appointing him "record clerk." Proof was given of the performance of the duties up to July 5, 1874, and plaintiff put in evidence a copy of a resolution of said board served upon him on that day, to the effect that his office was declared vacant. Two monthly pay-rolls with warrants attached were then offered in evidence by plaintiff, each of which was entitled "Pay-roll of record clerk of the city of New York." In the one for May was this entry:

"Augustus B. Fitch  *  *  *  record clerk of the city, May 1 to June 1, one month, rate per annum $3,125, $260.41." The other was similar, save as to the month.

At the close of plaintiff's evidence, his complaint was dismissed on the ground that, after the passage of the act of 1873, the police justices had no power to appoint a record clerk.

*Charles P. Miller* for appellant. The recitals in the pay-rolls were no evidence as against plaintiff. (*Brennan* v. *Mayor, etc.*, 62 N. Y. 365, 369.) It was error to dismiss the complaint. (*Scofield* v. *Hernandez*, 47 N. Y. 315; *Vanderlip* v. *Roger*, 68 id. 444.) Where a complaint is dismissed, the testimony, and all inferences from it, are to be made most strongly in plaintiff's favor. (*McVeany* v. *The Mayor, etc.*, 80 N. Y. 185, 197.) If necessary the court will, in furtherance of justice, under section 723 of the Code, amend the complaint. (*Bate* v. *Graham*, 1 Kern. 237; *Lounsbury* v. *Purdy*, 18 N. Y. 515; *Pratt* v. *H. R. R. R. Co.*, 21 id. 305; *Bedford* v.

*Terhune,* 30 id. 460 ; *Ackley* v. *Tarbox,* 31 id. 564; *Smith* v. *Mayor,* 37 id. 518 ; *Reeder* v. *Sayre,* 70 id. 180 ; *Harris* v. *Tumbridge,* 83 id. 92; *Haddon* v. *Lundy,* 59 id. 320.)

*D. J. Dean* for respondent. The legislature had power to terminate the office of record clerk as it did by chapter 538, Laws of 1873. (*Coulter* v. *Murray,* 4 Daly, 510 ; *People* v. *Morrell,* 21 Wend. 562; *Sill* v. *Corning,* 15 N. Y. 297.)

DANFORTH, J. In *Brennan* v. *The Mayor* (62 N. Y. 365), the pay-rolls were introduced by the defendant, and so open to the objection that they were not evidence against the plaintiff, but in the case before us they were put in by the plaintiff, and the defendant became entitled to the benefit of such facts as they contained. They had an important bearing upon the issue, and cannot be disregarded.

As the case stood before the trial court, it was its duty to dismiss the complaint, for the alleged cause of action had not been made out. It is not necessary to restate the grounds of this conclusion, for in regard to them we concur with the learned court below. The appellant, however, desires us to amend the complaint so that the plaintiff shall be designated as "record clerk of the Court of Special Sessions," and supposes that this may be done under section 723 of the Code of Civil Procedure. If the section applies to this court, the power should not be exercised unless it is plain that no substantial right of the adverse party would be affected.

Here the case has been tried upon a different issue, and without amendment disposed of by the General Term. The application should have been to that court, or the trial court. The plaintiff stands before us as one who has performed services and is refused compensation; so far his claim is meritorious. But the defendant succeeded in defeating it upon grounds which made it unnecessary to go into evidence on its part; had it been otherwise, a different case might have been made out.

Upon the pleadings and the theory on which the case was tried, we think the judgment right and it should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.