CAROLINE E. HUMPHRIES, APPELLANT, v. B. A. SPAFFORD ET AL., APPELLEES.

1.  Pleading: CONSTRUCTION : PRESUMPTION.  It is a reasonable presumption, and one indulged in the construction of pleadings, that the pleader has stated his case as favorably for himself as the facts warranted.  Rule applied.

2.  Practice : AMENDMENT OF PLEADING.  Where the ends of justice seem to demand it, leave will be given in the supreme court to amend a petition so as to fully state the cause of action.

APPEAL from the district court of Lancaster county. Heard below before GASLIN, J., in absence of POUND, J.

*W. F. Severance,* for appellant.

*J. S. Gregory,* for appellees.

LAKE, CH. J.

It is quite possible that the petition in the court below failed to state correctly the plaintiff's case. Judging from the brief of her counsel, wherein he sets forth her claim, we are sure it did not. However, if it did, then the judgment gave her all she was entitled to have.

The action was brought for the foreclosure of a mortgage given to secure the payment of two promissory notes, bearing date of January 2d, 1882, each calling for the payment of one hundred and fifty dollars, in one and two years respectively, with interest at ten per centum, payable semi-annually. Each note had a clause to the effect that if any of the interest remained unpaid for ten days after it became due, the holder might "elect to consider the whole note due," and proceed at once to collect it.

After giving the terms of the notes and mortgage, the petition states—"that defendants have failed to comply with the conditions of said notes, by neglecting to pay the first note of $150, and six months interest thereon, amounting to $7.50, on January 2d, 1883, when the same became due and payable; and also in failing to pay the sum of $7.50 interest due on the note of $150 on January 2, 1883, due by its terms. That the plaintiff elects to deem the whole of said note not yet due by its terms due, because of failure to pay said interest. That no proceedings at law have been had for the recovery of the amount of said notes, and that there is due and unpaid thereon the sum of one hundred and sixty-five dollars, and interest thereon from January 2d, 1882, at ten per cent per annum." And for this amount judgment was prayed and rendered.

Pleadings must be construed reasonably. It is a reasonable presumption, and one which has become an established rule of construction, that a pleader will state his case quite as favorably for himself as the facts will justify. *B. & M. R. R. Co. v. Lancaster County*, 4 Neb., 307. *School Dist.*

*No. 16 v. School Dist. No. 9,* 12 Id., 241. The rule of the code that pleadings shall be construed liberally, does not dispense with the averment of any material fact. *Burr v. Boyer,* 2 Neb., 265. Thus tested, the petition would not support a judgment for more than was given. It is not alleged that no payments had been made on the notes, but simply that none were made at the particular times when by the terms of the notes they fell due. So, too, of the right to elect to consider and treat the notes as due for a failure to meet the several installments of interest. The provision in the notes is, that "upon a failure to pay any of said interest, *within ten days after due,* the holder may elect to consider the whole note due, and it may be collected at once." But the averment in the petition on this point is merely that there was a failure to pay the interest "on January 2d, 1883." So that, conceding all that is alleged to be true, payments may have been made at other times, and indeed must have been, if only the amount claimed were due.

If the amount actually due on the two notes be, as we infer from the brief of counsel, greater than is alleged, if she desire it, the plaintiff may take leave to amend her petition so as to correct the mistake, upon the terms of paying all accrued costs, and have the case remanded to the district court to make the amendment, and for further proceedings. We have no doubt whatever that an amendment at this stage of the case is in harmony with sec. 144 of the code, where the ends of justice seem to demand it. But if no amendment be desired, for the reasons stated the judgment will have to be affirmed.

JUDGMENT ACCORDINGLY.