II. H. SPELLMAN, HENRY SPELLMAN, AS H. H. SPELLMAN & CO., AND J. W. SCHMIDT, PLAINTIFFS IN ERROR, V. ABRAHAM FRANK, AUGUST FRANK, AND JOSEPH FRANK, AS A. FRANK & SONS, DEFENDANTS IN ERROR.

1. Petition in Action on Note. In an action upon a promissory note when a copy of the note sued upon is set out as a part of the petition, it must be alleged that there is due thereon from the adverse party to the plaintiff a specific sum, unless these facts may be inferred from others pleaded. *Gage v. Roberts*, 12 Neb., 276.

2. Pleading not Amendable in Supreme Court on Original Motion. When on a hearing on error in the district

court leave is asked to amend a pleading to correspond with an order of the county court and such leave is refused, this court in the exercise of its appellate jurisdiction cannot grant leave for such amendment when asked by an original motion filed in this court.

ERROR to the district court for Lancaster county.    Heard below before MITCHELL, J.

*James E. Philpott*, for plaintiffs in error.

*A. C. Platt*, for defendants in error.

REESE, J.

The only question presented in this case is, whether the petition filed in the county court states a cause of action. It is as follows:

" Abraham Frank,
August Frank, and
Joseph Frank, as
A. Frank & Sons,
    . *Plaintiffs*,
        vs.
H. H. Spellman,
Henry Spellman, as
H. H. Spellman & Co., and
J. W. Schmidt,
        *Defendants.*

" The plaintiffs herein complain of the defendants, and for cause of action in this behalf say that said defendants are indebted to them to the amount of $480.00 and interest, for one promissory note as follows, to-wit:

$480.00.    July 30, 1884.    To A. Frank & Sons.    Ten per cent interest from date.

NOTE.—In *Humphries v. Spofford*, 14 Neb., 488, on appeal leave was given plaintiff to amend petition in the district court so as to correct a mistake, on payment of costs, the cause being remanded to the district court for that purpose.—REP.

"Protested Dec. 2, 1884, Firth, Neb., by C. M. Witt-struck. Fees, $2.60." A true copy of note and protest is hereto attached, as exhibit 'A,' and made a part hereof, and that the same is now due and remaining unpaid; wherefore plaintiffs pray for judgment for the sum of $480.00, with interest from the 30th day of July, 1884, at the rate of ten per cent per annum, and protest fees, $2.60, with costs of this action, and such other and further relief as may be due in the premises.

" *Exhibit ' A.'*

"$480.00.                    FIRTH, NEB. July 30, 1884.

Four months after date, for value received, we promise to pay to the order of :A. N. Frank & Sons, four hundred and eighty dollars, with interest at the rate of ten per cent per annum from date until paid. Negotiable and payable at the Firth Bank, Firth, Neb.

"H. H. SPELLMAN & Co.,
"J. W. SCHMIDT."

The certificate of protest is also attached as part of exhibit "A," but as it cannot enter into the question in this case it is not necessary to set it out here.

As the amount claimed by the petition is not within the jurisdiction of the county judge when exercising the ordinary powers and jurisdiction of a justice of the peace, but is within the jurisdiction of the county court, and the case is what is known as a term case in that court, the rules of procedure and practice as applicable to the district court must be applied to the pleading under consideration. Compiled Statutes, §§ 10 and 11, Ch. 20. This being true, the decision in *Gage v. Roberts*, 12 Neb., 276, seems to be in point and decisive of the case. As in the case above cited, so in this case, there is no allegation that plaintiffs in error executed the note in question, nor that there is due defendants in error from plaintiffs in error the sum for which judgment is demanded. It may also be noted that

the note seems to be signed by a partnership or firm designated as "H. H. Spellman & Co.," yet there is no allegation in the petition that defendants in error were associated together as such firm, and that the note was their note.

It is clear that the petition does not state a cause of action.

Upon the cause being called for argument in this court, defendants in error asked leave to interline in the petition after the words, "that the same is now due and remaining unpaid," the words "on said promissory note from said makers, H. H. Spellman, Henry Spellman, and J. W. Schmidt, to these plaintiffs, the sum of $480.00, with interest from July 30th, 1884, at ten per cent, no part of which has been paid," for the purpose of correcting the transcript to correspond with the amendment ordered by county court. It appears that at the trial in the county court, and upon the application of defendants in error, they were permitted so to amend the petition by interlineation, but the amendment was not in fact made. At the hearing in the district court, upon error, the amendment not having been made below, defendants in error moved the court for leave to make the amendment there, which was refused. We are not asked to review the action of the district court, but a new motion is made in this court.

As the jurisdiction of this court is appellate only, in such cases, there is no warrant for granting the motion, and it is therefore overruled.

The judgment of the district court is reversed, and the cause is remanded with directions to the district court to reverse the judgment of the county court, and for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.