STEINAM *et al. v.* STRAUSS *et al.*

(*Supreme Court, General Term, First Department.* February 18, 1892.)

1. ACTION AGAINST PARTNERS—SUMMONS—VALIDITY OF JUDGMENT.

    In an action against a firm composed of J. and M. the summons was dated October 30, 1889. The judgment roll contained a notice of appearance for both defendants, dated October 18, 1889, bearing an indorsement, "Received November 18th, 1889;" also a recital that the summons and complaint were personally served on M., October 30, 1889, but there was no affidavit of service on any of the defendants. *Held,* notwithstanding the want of such affidavit, that the recital of service on M. was *prima facie* evidence of that fact, so that the judgment could not be adjudged void on its face.

2. SAME—NOTICE OF APPEARANCE.

    The indorsement on the notice of appearance formed no part of the essence of that paper, and the fact that it bore date prior to the time of the summons did not invalidate its effect.

Appeal from special term, New York county.

Action by Abraham Steinam and others against Moses Strauss and others to vacate a judgment entered against defendant Strauss and another, in favor of Newman & Co., November 20, 1889. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Blumenstiel & Hirsch,* for appellants. *Nathaniel Myers,* for respondents Newman *et al. L. B. Tredwell,* for respondent Strauss.

VAN BRUNT, P. J. On the 20th of November, 1889, a judgment was entered against the defendants Moses and Julius Strauss in favor of the

defendants composing the firm of Newman & Co. Execution was issued upon that judgment, under which the property of the judgment debtors was levied upon. The plaintiffs, being creditors of the said debtors, commenced an action, and obtained and caused to be issued subsequently, in November, 1889, attachments against the property of said Moses and Julius Strauss, which were levied upon the same property then in possession of the sheriff under the Newman judgment. Thereupon this action was brought by the plaintiffs as attaching creditors against the defendants Strauss and Newman & Co., upon the ground that the judgment in favor of Newman & Co. was absolutely void on its face, and that the execution which was issued thereunder, and under which the sheriff made the levy above mentioned, was void, and that neither said judgment nor said execution was of any validity as against the plaintiffs' attachment; and prayed relief that the judgment and execution in favor of Newman & Co. be adjudged void and of no effect as against their attachment. It appeared from the evidence that in the action brought by Newman the summons was dated October 30, 1889, and the complaint verified on the same day, and that the cause of action was for a copartnership liability for goods sold and delivered to the defendants composing the firm of Strauss & Son. and in the judgment roll is a notice of appearance for both defendants, directed to the attorney for the plaintiff in that action, which notice of appearance is dated October 18, 1889, and bears an indorsement, "Received November 18th, 1889." In the judgment roll there was no affidavit of service upon any of the defendants, but the judgment contained a recital that the summons and complaint were personally served on Moses Strauss, one of the defendants, on the 30th of October, 1889. There was evidence offered tending to show that the notice of appearance was actually served on the 18th of November, and that Moses Strauss, one of the defendants, was served with the summons on October 30, 1889, and that the defendant Julius Strauss was never personally served with the summons or complaint. It was claimed upon the trial that the Newman judgment was entered before the time to answer had expired, and that it was void upon its face, and also that, upon the extraneous proof, it was invalid. The learned court, holding that there were irregularities in the manner in which the judgment was entered, made a decree in this action allowing the same to be amended by annexing an affidavit of service of the summons and complaint upon Moses Strauss, and authorizing an amendment of the docket of the judgment to the effect that Julius Strauss was not served, and directing an amendment of the execution issued thereunder restricting the enforcement of the same to the personal property owned by the defendant Julius Strauss, jointly with the defendant Moses Strauss, as co-partners. From this judgment this appeal is taken.

Two questions are raised upon this appeal. The first is whether the judgment was void upon its face; and the second, whether, as matter of fact, from proof of extraneous circumstances, it was invalid. The latter proposition it is not necessary to consider. No such issue was presented by the complaint, and although evidence was taken in respect thereto, and the learned judge seems to have passed upon the same, yet, as it was not within the scope of the pleadings, and they never having been amended for the purpose of conforming the pleadings to the proof, this question was improperly considered by the court, and the result of the decision it is not necessary to review here. If it may be said that the court should amend the pleadings to conform the same to the proof, the proof having been taken without objection, it may be suggested, in the first place, that objections appear as to some of the proof, and also that a complaint is never amended for the purpose of reversing a judgment, although such amendments are made in some instances for the purpose of sustaining a judgment.

This leaves only the other question,—as to whether the judgment was void upon its face. This depends upon the point that it appears from the judgment roll that the notice of appearance was not served until November 18, 1889, and upon the fact that there was no proof of service of the summons upon Moses Strauss contained in the judgment roll. It was held in the case of *Potter* v. *Bank*, 28 N. Y. 641–654, that a recital in the judgment of appearance or service of process is *prima facie* evidence of the facts recited. Such rule was also recognized in *Bosworth* v. *Vandewalker*, 53 N. Y. 597, and in many cases subsequently. The recital, therefore, in the judgment of the service of the summons upon Moses Strauss was *prima facie* evidence of the fact that it had been served, although the affidavit of service was wanting.

The next point is in regard to the notice of appearance. The indorsement upon the notice of appearance forms no part of the essence of the paper. It was dated on the 18th of October. The suit had been commenced a sufficient length of time in order to justify the entry of the judgment if process had been served; and, although the notice of appearance bears date prior to the time of the date of the summons, that would not invalidate its effect; and it is to be presumed, in the absence of evidence to the contrary, that it was served upon the day it bears date, as every presumption is in favor of the regularity of a judgment. There is nothing, therefore, upon the face of the judgment roll which indicates a want of jurisdiction in the court in the entry of the same. It may be questionable as to whether the court was justified in decreeing an amendment of the judgment roll in this action; but, as no point is raised in that regard upon this appeal, it is not discussed. The judgment should therefore be affirmed, with costs.