W. T. Scott, appellee, v. R. L. Spencer et al., Impleaded with Metcalf Cracker Company, Appellant.

Filed February 20, 1895.    No. 5943.

1. **Pleading:** Amendment. This court may, under the provisions of section 144 of the Code, allow amendments in order to conform the pleadings to the facts proved in the trial court, provided such amendments do not change substantially the cause of action or defense.

2. ———: Amendments After Judgment. But amendments will not be allowed after judgment which change substantially the nature of the action or defense.

3. **Review:** Bill of Exceptions. The only means provided for the ascertainment by this court of the character of the evidence introduced before the district court is a bill of exceptions authenticated in the manner prescribed by law.

Motion for rehearing of case reported in 42 Neb., 632.

*H. H. Wilson* and *Dryden & Main*, for the motion.

Post, J.

As intimated in the opinion heretofore filed in this case (42 Neb., 632), the proceeding below was one for the enforcement of a mechanic's lien against certain property in the city of Kearney, in which the appellant the Metcalf Cracker Company was alleged to have an interest.

The answer was in effect a disclaimer of title by the defendant named, which alone appeals from a decree for the plaintiff based upon a general finding in his favor. The argument of counsel for appellant when the cause was first submitted to us was directed to the merits of the controversy, but an examination of the record disclosed that the so-called bill of exceptions had not been authenticated in the manner prescribed by law in order to give it force or

effect as such.   The decree of the district court was accord-
ingly affirmed on that ground without reference to the is-
sues presented by the pleadings.   It is on this hearing
practically conceded that the Metcalf Cracker Company
has according to the pleadings no appealable interest, for
the reason, as above shown, that the decree is for the en-
forcement of a lien against property as to which it has
disclaimed title.   However, in connection with the motion
for a rehearing counsel for the appellant submit an appli-
cation for leave to amend its answer so as to conform to the
issues actually tried.   Accompanying said application are
certain affidavits, including one by the presiding judge, to
the effect that the cause was tried in the district court on
its merits, and that the answer was therein construed not
as a disclaimer but as putting in issue the validity of the
alleged lien.

Our Code makes provision for amendment after judg-
ment in certain cases as follows: "The court may, either
before or after judgment, in furtherance of justice, and on
such terms as may be proper, amend any pleading, process,
or proceeding, by adding or striking out the name of any
party, or by correcting a mistake in the name of a party, or
a mistake in any other respect, or by inserting other allega-
tions material to the case, or when the amendment does
not change substantially the claim or defense, by conform-
ing the pleading or proceeding to the facts proved.   And
whenever any proceeding taken by a party fails to conform
in any respect to the provisions of this code, the court
may permit the same to be made conformable thereto by
amendment." (Sec. 144, Code.)   Frequent constructions
have been given the above provision, and its meaning as
applied to the trial court is, we think, well understood.
But in its application to this court, in proceedings brought
here by petition in error or appeal, greater difficulty is
encountered.   The instances in which the rule of the statute
has been invoked in favor of parties seeking to amend

in this court are few and will be noticed in the order reported.

In *Humphries v. Spafford*, 14 Neb., 488, LAKE, C. J., said: "We have no doubt whatever that an amendment at this stage of the case is in harmony with section 144 of the Code, where the ends of justice seem to demand it." The facts therein are not fully reported and it does not appear whether the proofs were received without objection, but the inference is that the evidence was before the court. True it is said by the author of the opinion: "If the amount due on the notes be as we infer from the brief of counsel, greater than is alleged," etc. But the argument referred to was evidently predicated on the facts disclosed by the record, since the court could not have based a material finding upon the unsworn statements in the brief.

In *Spellman v. Frank*, 18 Neb., 110, an amendment was allowed by the county court in which the cause originated, but was not in fact made. On the hearing before the district court, on petition in error, leave was asked to amend in conformity with the order of the county court, which was denied and which request was renewed in this court and again refused. The character of the amendment does not appear, but it cannot be inferred from the report that any objection was made on the ground of materiality, or that the amendment sought was not in furtherance of justice.

In *Homan v. Steele*, 18 Neb., 652, it was argued that the plaintiff's remedy was by an action on a *quantum meruit*, and not on the contract alleged. Referring to the subject, Judge MAXWELL said: "Where proof has been introduced without objection, which would entitle a plaintiff to recover, this court would, if necessary, permit an amendment of the petition to conform to the proof, or remand the cause to the district court for that purpose." The language here used appears the more consonant with the spirit of the provision for amendments after judgment after conforming the

pleadings or proceedings to the facts proved when the amendment does not change substantially the claim or defense. The provision referred to is a substantial copy of section 137 of the Ohio Code, which according to Judge Nash had received a definite construction in that state long previous to its adoption by this. The author named, after an exhaustive analysis of the provision under consideration, summarizes as follows: "We conclude, therefore, that the identity of the action cannot be changed by an amendment, whether in regard to the cause of the action or the parties to it. Where the action is founded on a legal right this rule must be strictly applied. In chancery cases the rule heretofore prevailing in courts of equity will still prevail and be liberally applied to cases *in rem* or in equity. No other construction can be given to the section without unsettling all certainty in the administration of justice and all uniformity in the practice of courts; since such practice will be but the individual discretion of the court or judge; whereas a court must have rules even for the exercise of its discretion, so that it may mete out to all the same administration of the law." (1 Nash, Code Pleading, 323.)

In Boone, Code Pleading, sec. 234, it is said: "Amendments after trial are very cautiously allowed, and the general rule is that a party who has not sought to amend until after he has been nonsuited is too late to ask for a new trial and an amendment." And the proposition thus stated is in accord with the views of other writers. (See Bliss, Code Pleading, sec. 429 *et seq.*; Maxwell, Code Pleading, pp. 577, 578; Elliott, Appellate Proceedure, sec. 610.) Nor is the doctrine above asserted without support from the decisions in point. In *Smith v. Mayor of New York*, 37 N. Y., 518, application was made to the court of appeals for leave to amend so as to change the action from one for breach of an implied contract, to one for money had and received; but Hunt, C. J., denied the motion, using the following language: "I have never known the exercise of

such a power by this court. * * * In no event could it be granted except by a motion," etc. In *Fitch v. Mayor of New York*, 88 N. Y., 500, Danforth, J., in denying leave to amend, refers to section 723 of the New York Code, from which section 144 of our Code was copied, in the following language: "If the section (723) applies to this court the power should not be exercised unless it is plain that no substantial right of the adverse party would be affected. Here the case has been tried upon a different issue, and without amendment disposed of by the general term. The application should have been to that court or to the trial court." In *Romeyn v. Sickles*, 108 N. Y., 650, it was held error to permit an amendment in a material respect to be made except at a time which will afford the adverse party an opportunity to meet by proof the new allegations; and in *Southwick v. First Nat. Bank of Memphis*, 61 How. Pr. [N. Y.], 164, it is said: "If a party can allege one cause of action and then recover upon another his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." In *Levy v. Chittenden*, 120 Ind., 37, it is said: "This court has always held that it is error to allow an amendment to the pleadings which changes the nature of the cause of action or defense, after the trial has been concluded."

But it should be remembered that the Code refers not to forms, but causes of action, a proposition of which *Homan v. Steele* is an excellent illustration. There the action was for money due on contract; but the plaintiff's right to recover on the agreement being in doubt, on account of a failure to complete the building named within the stipulated time, the case was within the letter as well as the spirit of the Code.

The wisdom of the rule is fittingly illustrated by the case at bar. For if it be permissible to a party to a bill for the foreclosure of a mortgage or other lien, to disclaim interest in the subject of the action, and after final decree

Scott v. Spencer.

assert an adverse title by way of amendment, it may with truth be charged that written pleadings are designed to mislead and ensnare litigants rather than to secure the orderly administration of justice. It remains to be determined whether we shall examine the affidavits presented in order to ascertain what issues were actually tried. The fact must not be overlooked that the object of this proceeding is to secure the reversal or modification in this court of the decree appealed from. Had the application been made to the district judge who heard the proofs, the case would have presented no difficulty, as he would have known whether the proposed amendment conformed to the facts proved or presented a new and distinct issue. But our examination is necessarily confined to the record and that record must be one authorized by law. It must also be authenticated in the manner prescribed by statute. Leave in this instance to amend without a reversal or modification of the decree, accompanied by an order remanding the cause, would be a fruitless result of the appeal. And yet the vacation by this court of a judgment or decree upon *ex parte* affidavits as to what transpired before the trial court would be an anomaly in judicial proceedings, and so radically opposed to the settled rules of practice that an examination of the cases bearing upon the subject would be a work of supererogation. We confess to having vainly sought for safe ground upon which to sustain the application in this case.

We are assured by counsel, whose unsworn statements to us impart absolute verity and who are not responsible for the misadventure resulting in the failure to secure a bill of exceptions, that the question actually tried was the validity of the lien as against the appellant as owner, for building material furnished to Spencer, his co-defendant. Such a case must appeal strongly to any court, and more especially to one exercising equitable powers. But a vacation of this decree implies not only a violation of the let-

ter of the Code, but also a reversal of those rules of prac-
tice which experience has shown to be necessary in the due
administration of the law, and without which injustice and
confusion will inevitably follow. The motion for a re-
hearing is accordingly denied.

MOTION DENIED.