NELS PETERSON, APPELLEE, V. LINCOLN COUNTY; ALBERT
JOHNSON, INTERVENER, APPELLANT.

FILED OCTOBER 18, 1912.   No. 16,731.

1. **Appeal: AMENDMENT.** Under section 144 of the code, power is
   given the court to conform the pleadings to the proof, in an ap-
   pellate court, only "when the amendment does not change sub-
   stantially the claim or defense."

2. ——: ——. The power of the supreme court to permit an
   amendment of a pleading to conform to the proof is, as a rule,
   only exercised to sustain a judgment, and not to reverse it, ex-
   cept where it clearly appears that a refusal to permit the amend-
   ment would cause a miscarriage of justice.

3. ——: AFFIRMANCE. The record examined, and *held* that the de-
   cree of the district court is sustained by the pleadings and
   proof upon which it was based.

APPEAL from the district court for Lincoln county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*John A. Sheean* and *Halleck F. Rose,* for appellant.

*E. H. Evans, L. E. Roach* and *Hoagland & Hoagland,*
contra.

FAWCETT, J.

This suit was instituted in the district court for Lin-
coln county to quiet plaintiff's title to certain lands in
that county, described in plaintiff's petition. Defendant
William Robb was holding as grantee of the defendant
county, under a title obtained in a tax foreclosure pro-
ceeding which was void by reason of the fact that in such
proceeding service was had by publication upon the then
record owner as a nonresident, when in fact he was an
actual resident of this state. Albert Johnson, whom we
will hereinafter designate as defendant, intervened, and
as an answer and cross-petition to plaintiff's petition
alleged, substantially, that he purchased the land in con-

troversy in 1893, and rented the same to plaintiff for that year and the year following; that, on account of a lack of rainfall and of hot winds during those years, no crops were raised, and that plaintiff moved off without paying any rent, and defendant, being unable to obtain a renter, was unable to procure the money with which to pay taxes; that a few years thereafter plaintiff returned to Saunders county, where defendant resided, and represented to defendant that the land was valueless and advised him not to attempt to redeem the same; that defendant had no further knowledge or information concerning the land until about a month prior to filing his answer and cross-petition, but still believed the land to be valueless and not worth the taxes assessed against it; that some time prior to March 6, 1909, plaintiff made a trip to Lincoln county, visited the land, and saw that said county was enjoying a heavy annual rainfall; that good crops were being raised, and that the land was worth the sum of $3,000; that upon his return from Lincoln county he asked defendant if he still owned the land, and, upon receiving an affirmative answer, suggested that he was going back to Lincoln county and would look up the land in controversy, "at the same time informing this defendant that he understood land was 'picking up' a little, and, if it was worth the taxes against it, he would make this defendant an offer on it;" that at that time plaintiff was fully aware of the value of the land, but, in order to mislead and defraud defendant, led defendant to believe that he knew nothing of it; that a short time thereafter he came to defendant and represented that he was intending to move out to Lincoln county and take "a bunch of horses" with him; that he would need some place for them to run in, and that under those conditions he believed he could afford to pay off the taxes on the land and give defendant $100 for a deed to the same; that it was risky to pay that much for it; that perhaps it would be impossible to redeem, but, as he needed a place to run his horses, he would do it; that defendant asked time to think it over,

but plaintiff insisted that unless he could make the deal at once he would not buy; that he was buying only because he was moving out and wanted the land to run his horses on; that defendant had not seen the property since 1893, was not aware of the changed climatic conditions, believed the land was valueless; relied upon the assertions of plaintiff, and, being financially unable to make the trip out to see the land, and not being able financially to redeem the taxes, he agreed to accept the sum of $100 for the deed, which he executed on March 6, 1909; that the representations of plaintiff were false and known to be false when made; that the same were falsely and fraudulently made for the purpose of misleading the defendant and causing him to convey a valuable right for practically nothing; that the land was well worth $2,500 in excess of the taxes and assessments, and that defendant Robb had no valid title to said property, all of which was well known by plaintiff. Defendant then tenders plaintiff a return of $100 received by him for the deed, ending with a prayer that defendant Robb take nothing, and that the deed from defendant and his wife to plaintiff be canceled, and that his title be quieted.

For reply to the answer and for answer to the cross-petition of defendant Johnson, plaintiff traversed the allegations in such answer and cross-petition with general and specific denials, and alleged that by the deed of March 6 he purchased whatever unlitigated equity defendant had in the premises; that at that time defendant Robb was claiming to be the owner, was in possession under the proceedings referred to, was denying that Johnson had any right or title or any right of redemption; that, while plaintiff believed that Johnson had an equity in the premises and the right of redemption, yet such rights of Johnson could only be enforced by extended litigation in the courts; that prior to the execution and delivery of the deed plaintiff fully informed defendant, both by himself and his agent, L. E. Roach, as to the full rights that said Johnson had in the premises; that Johnson was fully in-

formed that plaintiff and his attorney believed that he, Johnson, could enforce his title to said premises, and, after being fully informed as to all of the facts and circumstances, defendant, without any misrepresentation or concealment of any kind on the part of plaintiff, made the contract and executed and delivered the deed; that the deed was not made and executed until after Johnson had fully considered the matter for several weeks and had made investigation as to his interest and rights in the premises; that, after plaintiff had instituted this suit, Johnson for a time assisted him in the prosecution of the same, and that, with full knowledge of all of the facts, Johnson never complained to plaintiff in any manner with reference to his contract or deed until his answer and cross-petition was filed in this suit; that Johnson had not tendered to plaintiff any part of the moneys which plaintiff had paid for the deed, and had not offered to reimburse plaintiff for any portion of his expenses and liabilities which he had incurred with reference to the premises.

The district court found that the tax foreclosure proceeding was void and vested no title in defendants Robb; that they were entitled to nothing more than the return of the money which they had paid to the defendant county, and for subsequent taxes, with interest and penalties, which sum the court found to be $215. The court further found upon the issues joined between plaintiff and Johnson that for about 30 days prior to the making of the deed in controversy Johnson had knowledge of the condition of the property and title, and had every opportunity to make investigation concerning the same; that there were no fiduciary relations existing between Peterson and Johnson with reference to said transaction, found the issues in favor of Peterson as against Johnson, and dismissed the petition of intervention. From this decree defendant Johnson, alone, has appealed, and the only question for our consideration is the one presented by his cross-petition, viz., his right to have his deed to plaintiff set aside upon the grounds alleged in his answer and cross-petition

above set out.   Plaintiff filed a motion to dismiss the appeal for various reason set out in his motion.   As the case must be affirmed upon the record, we have not considered the merits of this motion, but overrule the same *pro forma*.

While not expressly, it is practically conceded in the briefs of counsel for defendant that upon the pleadings above outlined, and the evidence, the decree of the trial court cannot be disturbed.   They seek to avoid this disastrous result by now tendering and asking leave to file in this court an amended answer and cross-petition "to conform to the proofs adduced upon the trial in the district court," in which, in addition to what was alleged in their original answer and cross-petition, they alleged that plaintiff and L. E. Roach, a practicing attorney at North Platte, entered into a collusive agreement to defraud defendant out of his land, worth, as they alleged, over $3,000, for the mere pittance of $100; that in furtherance of such collusive agreement plaintiff induced defendant to write to Roach for information respecting his land and legal rights, and to employ him as defendant's attorney in that behalf; that Roach accepted the retainer, but, in violation of his duty as such attorney, he concealed from defendant all information as to the value of the lands, and entered into a collusive agreement with plaintiff to assist plaintiff in obtaining title thereto for a pittance, in which event plaintiff and Roach were to divide the profits made from such transaction.   Plaintiff vigorously assails the right of defendant to file such amendment, upon the ground that it constitutes a material change of defendant's claim or defense, and, if permissible at all, the leave should have been sought and obtained in the trial court; that, while an appellate court may, and occasionally does, permit the amendment of pleadings to conform to the proofs, for the purpose of sustaining a judgment of an inferior court, it never permits such amendment for the purpose of reversing a judgment.

Defendant made no request in the court below, either

before or after judgment, for leave to file this amended
pleading. The decree recites: "This cause came on for
trial before the court upon the petition of the plaintiff,
the answer of the defendant Robb, and reply of the plain-
tiff, and upon the answer and cross-petition of the inter-
vener, Albert Johnson, and the answer of plaintiff to
cross-petition of the intervener, Albert Johnson, and re-
ply of intervener, Albert Johnson, and the evidence, and
this cause is submitted to the court upon the pleadings
and evidence, and the cause is taken by the court under
advisement." Four days later the court made its findings
and entered the decree. These recitals clearly advised
counsel that the court was basing its decree upon the
pleadings then on file, and, if after the decree was entered,
any amendment of the pleadings was deemed necessary,
or desired, the trial court was entitled to be advised
thereof, so that it might correct its decree, if such amend-
ment made a correction necessary. It would be sanction-
ing a very loose practice and be unfair to the trial court
to permit an amendment here under such circumstances.
Section 144 of the code is relied upon by defendant, but
we do not think it is sufficient to entitle him to the relief
now sought. The section provides: "The court may, either
before or after judgment, in furtherance of justice,
and on such terms as may be proper, amend any plead-
ing, process, or proceeding, by adding or striking out the
name of any party, or by correcting a mistake in the name
of a party, or a mistake in any other respect, or by in-
serting other allegations material to the case, or, when
the amendment does not change substantially the claim
or defense by conforming the pleading or proceeding to
the facts proved." That the amendment tendered "sub-
stantially" changes "the claim or defense" of defendant is
clear. This provision of the code is found substantially
in this same form in most, if not all, of the states in the
Union, and, so far as we have observed, it is construed
liberally when relief under it is sought in the trial court,
but when appealed to in an appellate court it is construed

much more strictly. As said in Boone, Code Pleading, sec. 234: "Amendments after trial are very cautiously allowed, and the general rule is that a party who has not sought to amend until after he has been nonsuited is too late to ask for a new trial and an amendment." The proposition thus stated is in accord with the views of other writers, and has received our approval in *Scott v. Spencer*, 44 Neb. 93.

Upon the point under consideration, section 723 of the New York code is identical with our section 144. In *Alden v. Clark*, 86 Hun (N. Y.) 357, the first paragraph of the syllabus holds: "Under the provisions of section 723 of the code of civil procedure, power is given the court to conform the pleadings to the proof only in a case 'where the amendment does not change substantially the claim or defense.'" In the opinion it is said: "By section 723 of the code of civil procedure power is only given to conform the pleadings to the proof in a case 'where the amendment does not change substantially the claim or defense.' Apparently, under the evidence given, Clark claimed that he had through his purchase from Butler an absolute title to the safe. As his answer stood, it was insufficient as a defense. The amendment sought, if it amounted to anything, would substantially change the defense set up in the pleading and so would not be admissible." In *Fitch v. Mayor*, 88 N. Y. 500, it is said: "As the case stood before the trial court, it was its duty to dismiss the complaint, for the alleged cause of action had not been made out. It is not necessary to restate the grounds of this conclusion, for in regard to them we concur with the learned court below. The appellant, however, desires us to amend the complaint so that the plaintiff shall be designated as 'record clerk of the court of special sessions,' and supposes that this may be done under section 723 of the code of civil procedure. If the section applies to this court, the power should not be exercised unless it is plain that no substantial right of the adverse party would be affected. Here the case has been

tried upon a different issue, and without amendment disposed of by the general term. The application should have been to that court, or the trial court." We concur in the holdings in the two cases cited, and, for the reasons therein given, we hold that defendant's application is not within the scope of section 144; that the proposed amendment clearly changes the claim or defense of defendant; that the application should have been made in the district court, and cannot be allowed here.

The reason assigned by plaintiff why the amendment should not be permitted in this court, viz., that this court will in a proper case permit an amendment to conform a pleading to the proofs for the purpose of sustaining a judgment, but will never grant such permission to defeat a judgment, is also fatal to defendant's right to this amendment. We turn again to the New York decisions. In *McGinniss v. Mayor*, 6 Daly (N. Y.) 416, it is said: "No motion was made on the trial to conform the pleadings to the facts proved, or to amend the answer. It is now too late to do either. The power of the general term to amend a pleading, or to conform the pleadings to the proof, is only exercised to support or sustain the judgment—never to reverse it." In *Steinam v. Strauss*, 18 N. Y. Supp. 48, it is said: "Two questions are raised upon this appeal. The first is whether the judgment was void upon its face; and the second, whether, as matter of fact, and from proof of extraneous circumstances, it was invalid. The latter proposition it is not necessary to consider. No such issue was presented by the complaint, and although evidence was taken in respect thereto, and the learned judge seems to have passed upon the same, yet, as it was not within the scope of the pleadings, and they never having been amended for the purpose of conforming the pleadings to the proof, this question was improperly considered by the court, and the result of the decision it is not necessary to review here. If it may be said that the court should amend the pleadings to conform the same to the proof, the proof having been taken without objection, it may be suggested,

in the first place, that objections appear as to some of the proof, and also that a complaint is never amended for the purpose of reversing a judgment, although such amendments are made in some instances for the purpose of sustaining a judgment." In *Weems v. Shaughnessy*, 70 Hun (N. Y.) 175, the last paragraph of the syllabus reads: "Pleadings will not be conformed to the proof for the purpose of reversing a judgment." In the opinion, on page 177, it is said: "But, although pleadings are sometimes made to conform to the proof in order to support a judgment, we have not yet heard of a case where such a practice was resorted to for the purpose of reversing a judgment." The court of appeals has also spoken on the subject. In *Volkening v. De Graaf*, 81 N. Y. 268, the last paragraph of the syllabus reads: "The pleadings in an action will not be amended on appeal to this court for the purpose of reversing a judgment." In the opinion by Mr. Chief Justice Folger, on page 272, it is said: "It is urged that as the averments of the answer show the true contract between the parties, as shown by the proofs, the complaint may now on appeal be amended so as to conform to the proofs, and judgment be given thereon for the plaintiff; and *Bate v. Graham*, 11 N. Y. 237, *Pratt v. Hudson R. R. Co.*, 21 N. Y. 305, and *Haddow v. Lundy*, 59 N. Y. 320, are cited. Those were cases of a recovery by the plaintiffs below and an appeal by defendant to this court. We may not amend the pleadings on appeal so that we may reverse a judgment."

. The supreme court of Vermont has had the same question under consideration, and in *Chaffee v. Rutland R. Co.*, 71 Vt. 384, it is said: "An amendment is not allowed if it introduces a new cause of action. An amendment in the case before us is only permitted in order that the pleadings may conform to the proof, and for the purpose of sustaining the judgment, not reversing it (1 Ency. Pl. & Pr. 582); for, as said by Redfield, C. J., in *White River Bank v. Downer*, 29 Vt. 332, 'an amendment will cure error, but cannot create it.' "

Upon this branch of the case counsel for defendant cite *Humphries v. Spafford,* 14 Neb. 488; *Homan v. Steele,* 18 Neb. 652, and *Bennett v. Baum,* 90 Neb. 320. In *Humphries v. Spafford, supra,* the suit was for the foreclosure of a mortgage. In the petition, plaintiff appears to have made a mistake in stating the amount due upon the notes, and this court held: "If the amount actually due on the two notes be, as we infer from the brief of counsel, greater than is alleged, if she desire it, the plaintiff may take leave to amend her petition so as to correct the mistake, upon the terms of paying all accrued costs, and have the case remanded to the district court to make the amendment, and for further proceedings. We have no doubt whatever that an amendment at this stage of the case is in harmony with section 144 of the code, where the ends of justice seem to demand it. But, if no amendment be desired, for the reasons stated the judgment will have to be affirmed." The ruling there, if justifiable at all, is under the clause of section 144, "or by correcting a mistake in the name of a party, or a mistake in any other respect." The case has no reference to the clause of section 144 under which relief is sought here. In *Homan v. Steele, supra,* the plaintiff recovered, and, in considering the case, MAXWELL, J., said: "It is claimed that the action should have been to recover on a *quantum meruit,* and not upon the contract. * * * The few days which elapsed after the time fixed for the completion and occupation of the building and the time in which it was actually completed and occupied do not in our view affect the right to recover. The defendant's attorneys in their brief virtually admit this, but say the action should not have been upon the contract. This objection should have been made on the trial to be available here. Where proof has been introduced without objection which would entitle a plaintiff to recover, this court would, if necessary, permit an amendment of the petition to conform to the proof, or remand the cause to the district court for that purpose." In other words, if in that case it had been necessary in

order to sustain plaintiff's judgment (not to reverse it), the court would have permitted an amendment of the petition to conform to the proof, or would have remanded the cause to the district court "for that purpose," but not for a new trial. In *Bennett v. Baum, supra,* counsel rely upon the tenth paragraph of the syllabus, which reads: "Where it is clear that all of the evidence to sustain or defeat an issue was adduced by the respective litigants in an equitable action in the district court, it is competent on an appeal for this court in the interests of justice to permit amended pleadings to be filed so as to conform to that proof." Even under this syllabus defendant would not be entitled to the amendment tendered, for the reason that it is not clear in this case that all the evidence to sustain or defeat an issue was adduced "by the respective litigants." On the contrary, it is urged by plaintiff here that, if the proposed amendment had been made in the court below, they could have met and overcome it. Whether this be true or not, the fact is they did not have the opportunity to meet it upon the trial below, nor did the trial court have any opportunity to pass upon it. But let us see why the amendment was permitted in *Bennett v. Baum.* In the opinion on page 337, ROOT, J., said: "But, however liberal we may desire to be in affirming a judgment, we cannot sustain a finding which is not responsive to any allegation in the pleadings, nor to a theory mutually adopted by the litigants in the district court. We have the authority to permit amendments in this court. We therefore shall permit the plaintiffs, if they are so advised by counsel, to amend their petition so as to allege such facts *as will justify us in sustaining the decree* quieting title in the Bennett Company to all of the real estate described in the referee's report, and to a decree for a specific performance of their contract for one-fifth of the $200,000 capital stock of the Bennett Company. Ordinarily such amendments would not be permitted. In the instant case counsel for the defendants strenuously objected to the introduction of all evidence touching title

to this real estate. We are confident, however, that the defendants will not be prejudiced by the amendments, because all features of the transactions touching those subjects have been testified to by the only persons having knowledge thereof, and this litigation should cease at as early a day as possible." It will be seen that there is nothing in any one of the three cases cited which conflicts with the holdings of the New York and Vermont courts, herein adopted by us. The amendment tendered is not for the purpose of sustaining a judgment, but for the purpose of reversing it; not to cure error, but to create it. In the opinion of the writer, in which he is not alone, such a request should never be allowed in this court; but a majority of the court are of the opinion that we should not go further than to hold that: "The power of the supreme court to permit an amendment of a pleading to conform to the proofs is, as a rule, only exercised to sustain a judgment, and not to reverse it, except where it clearly appears that a refusal to permit the amendment would cause a miscarriage of justice." As this case does not present such a situation, the request of defendant to file the amended pleading tendered is denied.

The only question left is: Is the decree of the district court sustained by the pleadings and proofs upon which it was based? After a careful reading of the entire record, we feel that that question must be answered in the affirmative.

The judgment of the district court is therefore

AFFIRMED.

ROSE, J., took no part.

LETTON, J., dissenting in part.

I do not agree with the proposition that the proposed amendment changes the "claim." The action is based on fraud. The tendered amendment merely adds another specification of fact tending to establish the same. Otherwise, I concur.

SEDGWICK, J., dissenting.

The majority opinion announces two new propositions of law, neither of which have been so determined heretofore by this court.

1. The first proposition is that, in an action for fraud where facts constituting the alleged fraud are stated, an amendment which alleges additional facts constituting the same fraudulent transaction changes substantially the claim or defense, so that such an amendment cannot be allowed in any case after judgment. Section 144 of the code contains the language: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading * * * when the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved." What does the statute mean by the words "change substantially the claim"? In one sense of these words, any change of a petition which would admit of a different decision than could be supported by the original petition would of course be a substantial change, but unless such a change can be made—that is, unless a pleading can be amended so as to support a different judgment—there would never be any object in making the amendment. The purpose of allowing the amendment is to support a judgment that otherwise would not be supported, and this of course, in the ordinary sense of the word, is a very substantial change. We have, however, generally held that to change "the claim" is to substitute a new cause of action for the former one or to add a new cause of action to the former one, and I suppose that the purpose of this proviso in the statute is to prevent an amendment that would allege a new cause of action, and not to prevent any change or amendment that would add to or make more certain the cause of action upon which the suit was based. And then, again, to change substantially the claim is not limited to changing the claim alleged in the original pleading, but under the liberal practice of our code must be

held to mean the claim actually tried in the lower court, whether it was in the pleadings or not. I think that the opinion gives the wrong construction to the language of the statute in that regard.

2. I am still more strongly opposed to the new construction which is given to the statute in another respect. The second paragraph of the syllabus is: "The power of the supreme court to permit an amendment of a pleading to conform to the proof is, as a rule, only exercised to sustain a judgment, and not to reverse it, except where it clearly appears that a refusal to permit the amendment would cause a miscarriage of justice." There are many decisions of this court in which it is held that a pleading may be amended after judgment to conform to the proofs, and in all of them the language is general and no distinction made as to whether such amendment will sustain or reverse the judgment of the trial court. The first case cited and reviewed in the majority opinion is *Humphries v. Spafford*, 14 Neb. 488. The opinion was by Chief Justice LAKE. The petition in foreclosure failed to allege that no payments had been made on the note, the allegation being that no payments were made at the particular time when the notes fell due. The petition also failed to allege that the defendant failed to pay interest "within ten days after due." The allegation was that he failed to pay it on the particular day on which it came due. The trial court therefore held that one of the notes was not due and refused to give the plaintiff judgment thereon. The plaintiff appealed, and the supreme court held that upon appeal her petition might be amended in accordance with the evidence upon the trial, and that the case would be remanded to the trial court for that purpose, if she decided to so amend. This was a direct holding that the pleadings would be amended for the purpose of reversing the judgment of the trial court. In regard to this case the opinion says: "The ruling there, if justifiable at all, is under the clause of section 144, 'or by correcting a mistake in the name of a party, or a mistake in any other

respect.' " But section 144 of the code provides that a
pleading may be amended "by correcting a mistake in the
name of the party, or a mistake in any other respect, or
by inserting other allegations material to the case." In-
serting other allegations material to the case is precisely
upon the same basis in the section as correcting a mistake
in the name of the party, or a mistake in any other re-
spect, and the fact that the pleading may be amended by
inserting other allegations "material to the case" shows
clearly that the next clause, that amendments may be
made when they do not "change substantially the claim,"
means that they may be made unless a new cause of
action or defense is stated that has not been tried below.
The opinion cites early cases, mostly from inferior courts,
that hold that amendments will never be allowed for the
purpose of reversing a case, but I think that those cases
are hostile to the language of the statute, which does not
limit the allowing of amendments to supporting the judg-
ment, but requires them to be made when it is "in fur-
therance of justice" to have them made. In *Humphries v.
Spafford, supra*, the leading case above referred to, it was
in the interest of justice to the plaintiff to allow her to
amend her petition to conform to the proofs which were
made upon the trial, and reverse the judgment of the dis-
trict court refusing to allow her to recover upon both of
her notes, and I think the decision was right. It has
never been criticised by this court, but has been appar-
ently universally followed and ought to be adhered to.
Suppose that in an action to foreclose a mortgage the
plaintiff failed to make the technical allegation that there
had been no proceedings at law to recover the debt, both
the plaintiff and the defendant, as well as the court, sup-
posed that that allegation was in the petition and tried
the case fully upon that theory, the proof showing plainly
that there had been no proceedings at law, but the trial
court for some unaccountable reason refused to enter
judgment for the plaintiff and the plaintiff appeals to
this court, and for the first time it is ascertained that the

Peterson v. Lincoln County.

allegation that no proceeding at law had been had was omitted from the petition, would this court refuse to allow such amendment and refuse to allow the plaintiff to recover, that being the only possible legal objection to such recovery?

Unless the case has been tried in the lower court as though the proposed amendment was already in the pleadings, the amendment is never allowed in this court either to sustain or to reverse the judgment. If it was so tried, and no objection was made to the evidence because of the defect in the pleading and the court or jury determined the issue as tried, the amendment will be allowed in this court, if necessary, to make the pleadings conform to the case actually tried, or the case will be disposed of as though the amendment had been made. Lawsuits were not invented to afford sparring matches to exhibit the cuteness of attorneys at the expense of justice to litigants, at least they are not so regarded in modern times in this state. The courts are not looking for immaterial technicalities to defeat justice.

The second paragraph of the syllabus, which is also quoted in the opinion as the view of the majority of the court, does not harmonize with the discussion in the opinion, and I think that discussion is misleading in view of the quotations made from the early cases in other jurisdictions, which quotations do not fully present the real point decided by those courts. The second paragraph of the syllabus makes an unnecessary and incorrect distinction in amendments in this court. The true test is, are they in furtherance of justice? And that depends upon how the case was tried in the court below. If the parties, without any suggestion of defect in the pleadings, have fully and fairly tried the cause, the pleadings in this court should be made to state the cause actually so tried, or the cause should be disposed of here as though that had been done.

HAMER, J., concurs in this dissent.